IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHARON PITTS, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:10CV274ERW |
| ) | |
| CITY OF CUBA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

Defendants Missouri State Highway Patrol (Patrol), along with Troopers Shanika[1] and Mathews, through counsel, ask the Court to dismiss plaintiffs' claims against them pursuant to Fed.R.Civ.P. 12(b)(6), for the reasons set forth, *infra*.

## Background

The Patrol, along with Troopers Shanika and Mathews are three of thirty-one defendants named in plaintiffs' thirty-five count, fifty page densely-worded complaint. Plaintiffs state in the complaint's caption that all defendants are named in their official and individual capacities.[2]

Amid plaintiffs' more than 200-plus purported "factual" allegations, the Patrol is expressly mentioned but twice: In ¶ 121 plaintiffs contend another defendant allegedly forwarded a statement to the Patrol for review and possible investigation. In ¶ 224 plaintiffs report that defendant Robinson apparently told

---

[1] Plaintiffs misidentify Trooper Rhonda Shanika as R. Shanklin in their complaint.
[2] Obviously, the Patrol, as an entity, does not have an individual capacity.

1

one of them to contact the Patrol because the Cuba City Council would not respond to the plaintiffs' myriad complaints.  Plaintiffs also name the Patrol in Count XXX, contending it violated of 42 U.S.C. § 14141, a claim plaintiffs' have no standing to assert.

Plaintiffs also allege that Trooper Shanika (referred to mistakenly by plaintiffs as "Shanklin" in the complaint; see FN1), participated in the arrest of Defendant Sharon Pitts on or about March 7, 2008. See Complaint, ¶¶ 69-83.  She is named solely in Count I, a claim brought pursuant to 42 U.S.C. § 1983.

Trooper Mathews is accused of conducting a purportedly illegal search of the Pitts' residence on or about December 12, 2008. *Id*., ¶¶ 186-191.  He is named in Counts IV, IX, XIII, and XXXII (claims pursuant to 42 U.S.C. § 1983); Count XVIII (claim pursuant to 42 U.S.C. § 1985), and; Count XXIV (a claim plaintiffs identify as arising under "Title 18 – Part I –Chapter 13 -242").

**I.**     **Plaintiffs' Claim Against the Patrol**

Plaintiffs contend in Count XXX that the Patrol violated 42 U.S.C. §14141. That is the sole claim wherein the plaintiffs have named the Patrol.  But Plaintiffs have no standing to bring that claim against the Patrol, inasmuch as the statute expressly authorizes only the United States Attorney General to pursue injunctive relief under enumerated circumstances. 42 U.S.C. § 14141(b).  Because plaintiffs have no standing to bring a claim under the statute cited, the Patrol asks the Court to dismiss the Patrol from Count XXX and this litigation.

## II. Plaintiffs' Claims Against Troopers Shanika and Mathews.

Trooper Shanika is named solely in Count I on a claim arising pursuant to 42 U.S.C. § 1983. Trooper Mathews is sued for various alleged misdeeds pursuant to § 1983 (Counts IV, IX,, XIII, and XXXII). Mathews is also alleged to have violated 42 U.S.C. § 1985 (Count XVIII), and is also alleged to have violated 18 U.S.C. § 242 in Count XXIV.

### A. Plaintiffs lack standing to prosecute any claim against Trooper Mathews for the alleged violation of 18 U.S.C. § 242.

Plaintiffs' claim against Trooper Mathews in Count XXIV should be dismissed, inasmuch as plaintiffs' have no authority or standing to prosecute any alleged violation of federal criminal law (18 U.S.C. § 242). Case research discloses no case wherein a private litigant was recognized as having a private cause of action to prosecute the alleged violation § 242. Thus, because plaintiffs have no authority or standing to prosecute any alleged violation of § 242, that claim against Mathews should be dismissed.

### B. The 11th Amendment bars plaintiffs' demands for money damages against Troopers Shanika or Mathews on claims against them in their official capacities.

Plaintiffs' complaint suggests they seek both compensatory and punitive damages from Troopers Shanika and Mathews. Plaintiffs' claim for money damages in any form from Troopers Shanika and Mathews in their official capacities is barred under the 11th Amendment. *Hopkins v. Saunders*, 93 F.3d 522,

526 (8th Cir. 1996). Thus, plaintiffs' official capacity claims against Shanika and Mathews should be dismissed.

**C.    Plaintiffs' individual capacity claims against Troopers Shanika and Mathews fail to state a claim upon which relief can be granted.**

As for the individual capacity claims against Troopers Shanika or Mathews, those should all be dismissed in that each fails to state a claim upon which monetary or injunctive relief can may be granted.

Plaintiffs are seeking relief under 42 U.S.C. § 1983. To state a claim for relief plaintiffs must allege sufficient facts to show; 1) defendant acted under color of state law, and; 2) the alleged wrongful conduct deprived a plaintiff of a constitutionally protected federal right. *Schmidt v. City of Vella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

Fed.R.Civ.P. 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009); *Zutz v. Nelson*, __ F.3d. __, 2010 WL 1489350, *3 (8th Cir. 2010)(citations omitted). Plausibility exists if the complaint's factual content allows the court to draw reasonable inferences that Troopers Shanika and Mathews are liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949.

4

Plaintiffs must provide more than labels, conclusions or a formulaic recitation of the elements of a cause of action. *Zutz* at *3.

Plaintiffs contend that on or about March 7, 2008, Trooper Shanika participated in the arrest of plaintiff Sharon Pitts, and thereafter may have briefly limited access to Pitts' diabetic medicine and access to a bathroom while Pitts was arrested and taken to the Crawford County jail, and that while at the jail that Shanika took from Pitts an unidentified pamphlet while Pitts was being processed following her arrest. Plaintiffs contend Shanika violated the 1st, 4th, 5th, 8th and 14th Amendments to the United States Constitution. See Complaint, ¶¶ 69-83. Plaintiffs have offered insufficient facts to frame a claim of any constitutional claim alleged. And, thus, defendant Shanika asks the Court to dismiss those claims lodged against her in her individual capacity, inasmuch as plaintiffs have failed to state a claim against her.

Plaintiffs further contend that Trooper Mathews participated in an unlawful search or seizure at the Pitts residence on or about December 12, 2008. See Complaint, ¶¶ 186-190. Plaintiffs accuse Mathews of violating their 1st, 4th, 5th, 8th, and 14th Amendment rights, as well as conspiracy to deprive plaintiffs of such rights pursuant to 42 U.S.C. § 1985. Plaintiffs have offered insufficient facts to frame a claim of any constitutional claim alleged. And, thus, defendant Mathews asks the Court to dismiss those claims lodged against him in his individual capacity, inasmuch as plaintiffs have failed to state a claim against him.

### D.   Plaintiffs' lack standing to seek injunctive relief against the Patrol, as well as Troopers Shanika or Mathews

Plaintiffs' allegations relate entirely to past conduct by the defendants. An injunction is an equitable remedy shaped to right an ongoing wrong, however, and will not issue if it cannot serve a proper remedial purpose. *Kohl v. Woodhaven Learning Center*, 865 F.2d 930, 934 (8th Cir. 1989). There is no proper remedial purpose here. A fact clearly evident given the focus of plaintiffs' complaint centering solely on past events. On that basis alone, plaintiffs' demands for injunctive relief should be dismissed.

Moreover, plaintiffs have no standing to seek injunctive relief in that there is no allegation about the likelihood of future misconduct at the hands of the Patrol or Troopers Shanika or Mathews. Standing to seek injunctive relief requires Plaintiffs to show a likelihood of a future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). It is well settled that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *Smook v. Minnehaha County*, 457 F.3d 806, 815 (8th Cir. 2006). Plaintiffs offer no allegations regarding continuing, present adverse effects as a result of the Patrol's operations or the actions of Troopers Shanika or Mathews.

Thus, in the absence of any allegations regarding a present case or controversy regarding injunctive relief, unaccompanied by any allegation of

continuing, present adverse effects, the plaintiffs' claims for injunctive relief should be dismissed.

**WHEREFORE**, these defendants ask that the Court dismiss the claims Plaintiffs have lodged against them, and to grant them any other relief it deems proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Douglas Leyshock*
DOUGLAS LEYSHOCK
Assistant Attorney General
Missouri Bar No. 47912
P.O. Box 899
Jefferson City, MO 65102
Phone (573) 751-3321
Fax (573) 751-9456
*ATTORNEYS FOR DEFENDANTS*
*MSHP, MATHEWS and SHANIKA*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Mark H. Zoole (Attorney for Co-Defendants), and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Sharon Pitts
47 Bruno Lane
Cuba, MO 65453

Lisa King
1098 McPherson Rd
Leasburg, MO 65535

Marilyn Copling
1005 Sycamore Street
Cuba, MO 65453

Daniel Pitts
112 Peartree Ln
Apt. C
Cuba, MO 65453

/s/ *Douglas Leyshock*
Assistant Attorney General