UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHARON PITTS, et al.,                         )
                                              )
            Plaintiffs,                       )
                                              )
      vs.                                     )          Case No. 4:10CV00274 ERW
                                              )
CITY OF CUBA, et al.,                         )
                                              )
            Defendants.                       )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Frank Magel, Shane Spratt, and South

Central Drug Task Force's Motion to Dismiss [doc. #35]; Defendants Crawford County Sheriff's

Department, Randy Martin, and Jay Coleman's Motion to Dismiss [doc. #43]; Motion of

Defendants Robert Rickerd and Owensville Police Department to Dismiss [doc. #45]; Plaintiffs'

Motion to Squash [doc. #48]; Defendants Missouri State Highway Patrol, Rhonda Shanika[1], and

Nicholas Mathews' Motion to Dismiss [doc. #51]; Defendants Frank Magel, Shane Spratt, and

South Central Drug Task Force's Motion to Strike Plaintiffs' Sur-Reply to Defendants' Motion to

Dismiss [doc. #54]; Plaintiffs' Motion to Quash [doc. #56]; Plaintiffs' Motion to Quash [doc.

#58]; Plaintiffs' Motion for Leave to File an Amended Complaint [doc. #63]; and Motion of

Defendants Steelville Police Department and Adam Reed to Dismiss [doc. #74].

---

[1] Plaintiffs mistakenly listed Rhonda Shanika as "R. Shanklin" in their Complaint. The
Court hereby directs the Clerk's Office to change the name of Defendant R. Shanklin to
Defendant Rhonda Shanika.

## I.     BACKGROUND

On February 16, 2010, Sharon Pitts, Lisa King, Marilyn Copling, and Daniel Pitts, acting *pro se*, filed a complaint against 30 individuals and public entities.  Specifically, Plaintiffs sued the following public entities:  City of Cuba; Crawford County Sheriff Department; Cuba Police Department; Lake Area Narcotics Group; Missouri State Highway Patrol; Owensville Police Department; South Central Drug Task Force; and Steelville Police Department.  Plaintiffs also sued the following individuals:  Tim Bailey (Retired City Marshall, City of Cuba); Ralph Bayless (elected city official, City of Cuba); Jay Coleman (Officer, Crawford County Sheriff Department); Kevin Copling (Alderman, City of Cuba); Paul Crow (Officer, Cuba Police Department); Richard Dildine (Chief of Police, Cuba Police Department); Maruice Grant (elected city official, City of Cuba); Harold Halbert (elected city official, City of Cuba); Faye Howard (elected city official, City of Cuba); Kenny Killeen (Mayor, City of Cuba); Frank Magel (Officer, South Central Drug Task Force); Randy Martin (Officer, Crawford County Sheriff Department); Nicholas W. Mathews (Officer, Missouri State Highway Patrol); Les Murdock (elected city official, City of Cuba); Scott Parish (Officer, Missouri State Highway Patrol); Adam Reed (Officer, Steelville Police Department); Robert Rickerd (Officer, Owensville Police Department); Kent Robinson (City Attorney, City of Cuba); Rhonda Shanika (Missouri State Highway Patrol); Doug Shelton (Officer, Cuba Police Department); Shane Spratt (Officer, South Central Drug Task Force); and Jason Wilkerson (Officer, Cuba Police Department).  The Complaint sets forth 35 counts of alleged violations of Plaintiffs' civil rights, under 18 U.S.C. §§ 241-242; 42 U.S.C. §§ 1983, 1985, 1986, 14141; 1st, 4th, 5th, 8th and 14th Amendments to the United States Constitution;

and Article I, Sections 2, 8, 9, 10, 15, and 32 of the Missouri Constitution. The Complaint is 52 pages long, containing 439 individual paragraphs.

On March 26, 2010, Defendants Frank Magel ("Defendant Magel"), Shane Spratt ("Defendant Spratt"), and South Central Drug Task Force ("Defendant SCDTF") filed a Motion to Dismiss [doc. #35]. In their Motion, they argue that Plaintiffs' claims against them should be dismissed for failure to state a claim upon which relief can be granted because the Complaint does not give adequate notice of the allegations against them. On April 12, 2010, Defendants Crawford County Sheriff's Department ("Defendant CCSD"), Randy Martin ("Defendant Martin"), and Jay Coleman ("Defendant Coleman") also filed a Motion to Dismiss [doc. #43]. In their Motion, they also argue that Plaintiff failed to state a claim upon which relief can be granted. Additionally, they argue that Plaintiffs did not state sufficient facts to establish a conspiracy, and that Defendant CCSD is not an entity capable of being sued. On April 16, 2010, Defendants Robert Rickerd ("Defendant Rickerd") and Owensville Police Department ("Defendant OPD") also filed a Motion to Dismiss [doc. #45]. In their Motion, they argue that Plaintiffs failed to comply with the Federal Rules of Civil Procedure and that they failed to state a claim upon which relief can be granted against Defendant Rickerd and against Defendant OPD. On April 23, 2010, Plaintiffs filed what this Court will construe to be a response to each of the three Motions discussed above [doc. #48].[2] Defendants Magel, Spratt, and SCDTF filed a Reply [doc. #50] to

---

[2]The Court notes that this filing by Plaintiffs is titled "Motion to Squash," although it appears to simply be a responsive brief to several motions to dismiss. Plaintiffs filed similar documents in response to other motions in this case. Because Plaintiffs refer to these filings as "Motions," it is necessary for the Court to make a ruling on them, although there is no real relief requested, other than the denial of the motion to which it is responding.

The Court also notes that it is unclear whether Plaintiffs' April 23 filing is a response to all three Motions to Dismiss, or whether it is only a response to Defendants Magel, Spratt, and

Plaintiffs' responsive brief, and Plaintiffs then filed what will be construed as a Sur-Reply [doc. #52]. Subsequently, Defendants Magel, Spratt and SCDTF filed a Motion to Strike Plaintiffs' Sur-Reply to Defendant's Motion to Dismiss [doc. #54].

Additionally, on May 5, 2010, Defendants Rhonda Shanika ("Defendant Shanika"), Nicholas Mathews ("Defendant Mathews"), and Missouri State Highway Patrol ("Defendant MSHP") filed a Motion to Dismiss [doc. #51]. They argue that Plaintiffs lack standing to assert the claims made against them, and that Plaintiffs failed to state a claim upon which relief can be granted against Defendants Shanika and Mathews. Plaintiffs filed a Motion to Quash [doc. #58], which this Court will construe to be a Response, on May 18, 2010, and Defendants Shanika, Mathews, and MSHP filed a Reply [doc. #61] on May 26, 2010.

Finally, on June 17, 2010, Defendants Adam Reed ("Defendant Reed") and Steelville Police Department ("Defendant SPD") filed a Motion to Dismiss [doc. #74]. They argue that Plaintiffs do not have standing to bring certain claims against them, and that Defendant SPD is not a legal entity capable of being sued. Plaintiffs filed their Response [doc. #77] to this Motion on July 8, 2010. Also pending in this case is Plaintiffs' Motion for Leave to File an Amended Complaint [doc. #63]. Defendants Magel, Spratt and SCDTF filed a Response [doc. #66], in which they state their opposition to this Motion.

The Court notes that the arguments made by the various Defendants in their motions to dismiss are rather inconsistent from motion to motion, even when the same Counts are alleged

---

SCDTF's Motion to Dismiss. Because Plaintiffs are acting *pro se*, this Court will give them the benefit of the doubt and construe the filing as a response to all three Motions to Dismiss.

against them. For the most part, this Court will only address those arguments actually raised in the applicable Defendant's motion.

## II. LEGAL STANDARD

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." In order to meet this standard and to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Furthermore, courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alterations and citations omitted); *see also Iqbal*, 129 S. Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, although the "plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility," it is not a "probability requirement." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely," *id.* (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted), provided that the complaint contains sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## III.    DEFENDANTS MAGEL, SPRATT AND SCDTF'S MOTION TO DISMISS

The sole argument made by Defendants Magel, Spratt and SCDTF in support of their Motion to Dismiss is:

> Plaintiffs have made vague and sweeping allegations against each of the Defendants but fail to make a connection between the specific allegations and each individual Defendant. The allegations made in the Complaint make it virtually impossible for the Defendants to formulate proper defenses. The Complaint does not give the individual Defendants notice of the allegations against them.

(Motion, doc. #35, p.2 ¶3). Thus, the Court must determine whether Plaintiffs' *pro se* Complaint complies with Federal Rule of Civil Procedure 8(a)(2), and gives Defendants Magel, Spratt, and SCDTF notice of the claims against them.

### A.    Defendants Magel and Spratt

First, the Court will consider the allegations against Defendant Magel and Defendant Spratt. Ten of the thirty five counts alleged in the Complaint are asserted against both of them:

1. Count I: Retaliation for exercising free speech rights (42 U.S.C. § 1983 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Sharon Pitts ("Plaintiff S. Pitts");

2. Count II: Retaliation for exercising free speech rights (42 U.S.C. § 1983 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Lisa King ("Plaintiff King");

3. Count XI: Conspiracy to interfere with civil rights (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff S. Pitts;

4. Count XII: Conspiracy to interfere with civil rights (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff King;

5. Count XV: Neglect to prevent conspiracy (42 U.S.C. § 1986 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff S. Pitts;

6. Count XVI: Neglect to prevent conspiracy (42 U.S.C. § 1986 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff King;

7. Count XIX: Abuse of process (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff S. Pitts;

8. Count XX: Abuse of process (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff King;

9. Count XXI: Deprivation of rights under color of law (18 U.S.C. § 242 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff S. Pitts; and

10. Count XXII: Deprivation of rights under color of law (18 U.S.C. § 242 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff King.

If one looks at these Counts alone, there are no facts offered to support them. However, each Count specifically incorporates all of the preceding paragraphs in the Complaint, which

include a lengthy recitation of the factual allegations asserted by Plaintiffs with respect to this case. There are six paragraphs in particular that are relevant to these Defendants, specifically, paragraphs 225-230, on page 26 of the Complaint. In these paragraphs, Plaintiffs aver that multiple Defendants, including Magel and Spratt, conspired to manufacture false allegations against Plaintiffs S. Pitts and King, in an attempt to punish S. Pitts for exercising her right to freedom of speech. Plaintiffs assert that these Defendants made false statements about Plaintiff S. Pitts, and manufactured a false criminal case against her, which resulted in several state investigations. Plaintiffs also include details of several instances in which Defendant Magel or Defendant Spratt allegedly demonstrated via statements and actions a strong dislike or prejudice against Plaintiff S. Pitts and her family members. Plaintiffs allege that this behavior is in retaliation for complaints they filed against various Defendants.

Based on the information contained in paragraphs 225-230, in combination with the Counts alleged against Defendant Magel and Defendant Spratt, this Court is able to discern the essential claims made by Plaintiffs, and the facts upon which those claims rest. The Court recognizes that it is difficult to parse through a 52 page Complaint and narrow down the allegations that are relevant to each Defendant, but it is not impossible. Considering that Plaintiffs are acting *pro se*, and this Court must construe their Complaint liberally, it is appropriate to grant some leniency at this early stage. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations and quotations omitted)). Additionally, the Court notes that the above analysis in no way examines the sufficiency of Plaintiffs' allegations with respect to the claims made. Defendants'

Motion was based solely on their inability to understand the allegations made against them, and did not include any sufficiency arguments. This Court will only consider those arguments presented to it.

**B. Defendant SCDTF**

Plaintiffs' Complaint includes only one Count against Defendant SCDTF. In Count XXVIII, Plaintiff S. Pitts and Plaintiff King allege police misconduct, inadequate supervision and deliberate indifference (under 42 U.S.C. § 14141 and the 1st, 4th, 5th, 8th, and 14th Amendments) against Defendant SCDTF. Again, when examining this Count alone, it is not immediately apparent that there are any facts alleged to support the claim. However, the Court must consider those facts set forth in the preceding paragraphs, which were incorporated by reference into Count XXVIII. Specifically relevant to the claim alleged against Defendant SCDTF is paragraph 227, in which Plaintiffs state:

> Plaintiff Pitts tried to contact the Drug Task Force Board of Directors to file a complaint against defendants Magel, and Spratt, as well as the Drug Task Force Co-ordinators, who refused to let plaintiff Pitts meet with the Board of Directors to file a complaint, thus denying the right of freedom of speech.

(Complaint, doc. #1, p.26 ¶227).[3]

Upon considering the allegations made against Defendant SCDTF, in combination with the facts set forth regarding the various Plaintiffs' interactions with the entity, this Court is able to discern the general idea of the claims made against the Defendant. While the Court does not pass judgment on the sufficiency of the Complaint with regard to the claims alleged, the Court does

---

[3]Although it is not entirely clear, the Court believes that "the Drug Task Force" refers to Defendant SCDTF. The language used suggests that Defendants Magel and Spratt are affiliated with "the Drug Task Force." These men are officers with the SCDTF, so it is reasonable to conclude that "the Drug Task Force" is the same as Defendant SCDTF.

believe that Plaintiffs' Complaint, at a minimum, puts Defendant SCDTF on notice of the claims against it. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'").

The Court finds that, with respect to Defendants Magel, Spratt, and SCDTF, Plaintiffs' Complaint is in compliance with the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2), which requires a plaintiff to give a short and plain statement "plausibly suggesting . . . that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007). As such, the Court will deny Defendants Magel, Spratt, and SCDTF's Motion to Dismiss.

## IV.    DEFENDANTS CCSD, MARTIN, AND COLEMAN'S MOTION TO DISMISS

In their Motion to Dismiss, Defendants CCSD, Martin, and Coleman make three general arguments. First, they argue that Defendant CCSD is not an entity capable of being sued, and thus should be dismissed from this case. Second, they argue that Plaintiffs have failed to state sufficient facts with respect to the conspiracy claims asserted against Defendants Martin and Coleman. Finally, they argue that Plaintiffs' allegations are vague and fail to state a claim upon which relief can be granted. The Court will address each of these arguments, in turn.

### A.    Defendant CCSD

The sole Count of Plaintiffs' Complaint asserted against Defendant CCSD is Count XXIX, in which Plaintiff S. Pitts and Plaintiff King generally allege police misconduct, inadequate supervision, and deliberate indifference. Defendants argue that this claim must fail because Defendant CCSD is not an entity capable of being sued. This Court agrees. Defendant CCSD is "not [a] juridical entit[y] suable as such," rather, it is merely a subdivision of a larger

governmental body. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992));

*see also Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (granting

motion to dismiss filed by Jefferson County Sheriff's Department, upon finding that it is not a

legal entity subject to suit under 42 U.S.C. § 1983). Thus, Count XXIX, the sole Count alleged

against Defendant CCSD, will be dismissed.

### B. Conspiracy Claims against Defendants Coleman and Martin

Plaintiffs allege thirteen Counts against Defendant Coleman (Counts I, II, III, XI, XII,

XIV, XV, XVI, XVII, XXI, XXII, XXIII, and XXXI), and also allege all but one of those Counts

against Defendant Martin, for a total of twelve Counts alleged against Defendant Martin (Counts

I, II, III, XI, XII, XIV, XV, XVI, XVII, XXI, XXII, and XXIII). Three of the Counts alleged

against both Defendant Coleman and Defendant Martin (Counts XI, XII, and XIV) are based on

42 U.S.C. § 1985, which creates a cause of action for conspiring to interfere with a person's civil

rights. Another three of the Counts alleged against both Defendant Coleman and Defendant

Martin (Counts XV, XVI, and XVII) are based on 42 U.S.C. § 1986, which creates a cause of

action for neglect to prevent a conspiracy to interfere with a person's civil rights. Defendants

argue that Plaintiffs have failed to plead sufficient facts to establish these claims against

Defendants Coleman and Martin.

In order to state a claim for conspiracy under 42 U.S.C. § 1985, Plaintiffs must allege:

> "(1) the defendants conspired, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital privilege of a citizen."

*Rollen v. Coates*, 2009 WL 2391970, at \*2-3 (E.D. Mo. Aug. 3, 2009) (quoting *Criswell v. City of O'Fallon, Mo.*, 2007 WL 1760744, at \*5 (E.D. Mo. June 15, 2007)). "A conspiracy claim . . . requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (quoting *Kearse v. Moffett*, 311 F.3d 891, 892 (8th Cir. 2002) (per curiam)). In the Complaint in this case, the only references to a conspiracy with respect to either Defendant Martin or Defendant Coleman are (all grammatical mistakes in original:

> Plaintiff [S.] Pitts claims damages for injuries set forth above . . . against defendants . . . Coleman . . . [and] Martin . . . , who under the color of law violated her constitutional rights by, but not limited to conspiracy against plaintiffs rights and to obstruct justice, intimidating and depriving Plaintiff [S.] Pitts of her rights and privileges as a citizen of the United States.
> \* \* \*
> Plaintiff King claims damages for injuries set forth above . . . against defendants . . . Coleman . . . [and] Martin . . . , who under the color of law violated her constitutional rights by, but not limited to conspiracy against plaintiffs rights and to obstruct justice, intimidating and depriving Plaintiff King of her rights and privileges as a citizen of the United States.
> \* \* \*
> Plaintiff [M. Copling] claims damages for injuries set forth above . . . against defendants . . . Coleman . . . and Martin, who under the color of law violated her constitutional rights by, but not limited to conspiracy against plaintiffs rights and to obstruct justice, intimidating and depriving Plaintiff [M.] Copling of her rights or privileges as a citizen of the United States.

(Complaint, doc. #1, p.32-33, ¶ 277, 280, 286). Each of these statements contains mere conclusory allegations, without any factual assertions offered in support. "It is well settled that conclusory allegations of a conspiracy are insufficient to state a claim under § 1985(3). There must be some showing of facts to support a conspiracy claim." *Dubray v. Rosebud Housing Auth.*, 565 F. Supp. 462, 466 (D.C. S.D. 1983) (internal citation omitted); *see also Rollen*, 2009 WL 2391970, at \*3 (citing *Dubray*). The factual allegations made by Plaintiffs regarding

Defendants Martin and Coleman make no mention or suggestion of their participation in a conspiracy. Thus, the Court finds that the three conspiracy claims alleged against Defendants Martin and Coleman (Counts XI, XII, and XIV) should be dismissed, for failure to state sufficient facts to establish a conspiracy.

The Court also must consider Plaintiffs' 42 U.S.C. § 1986 claims against Defendants Martin and Coleman for neglect to prevent the conspiracy. "A cause of action under § 1986 is dependent on a valid claim under § 1985." *Kaylor v. Fields*, 661 F.2d 1177 (8th Cir. 1981); *see also Hayward v. Health Dep't & Dep't of Law, City of Independence, Mo.*, 98 F.App'x 566, at *1 (8th Cir. 2004) (per curiam) (citing *Kaylor*). Because Plaintiffs failed to state a valid conspiracy claim against Defendant Martin and Defendant Coleman under § 1985, Plaintiffs' § 1986 claims against these two Defendants must also be dismissed.

The Court finds that it is appropriate to dismiss Plaintiffs' Counts XI, XII, XIV, XV, XVI, and XVII, as to Defendant Martin and Defendant Coleman only, for failure to state sufficient facts to establish a conspiracy.

### C.     Remaining Claims against Defendants Coleman and Martin

Having found that it is appropriate to dismiss Plaintiffs' Counts XI, XII, XIV, XV, XVI, and XVII, as to Defendant Martin and Defendant Coleman, there are now seven Counts remaining against Defendant Coleman (Counts I, II, III, XXI, XXII, XXIII, and XXXI), and six Counts remaining against Defendant Martin (Counts I, II, III, XXI, XXII, and XXIII). Defendants argue that these remaining Counts should be dismissed for failure to state a claim upon which relief can be granted. Their argument is strictly a vagueness argument. Specifically, they argue:

The various counts of Plaintiffs' Complaint set forth vague assertions of alleged statutory violations and violations of Plaintiffs' constitutional rights, but fail to make any connection between the alleged violations of law and any specific conduct of the Defendants. Plaintiffs' Complaint fails to adequately inform each of the Defendants of the specific allegations against them.

(Memo. in Support of Mtn., doc. #44, p.3). This Court disagrees.

The six Counts alleged against both Defendant Martin and Defendant Coleman are:

1.    Count I: Retaliation for exercising free speech rights (42 U.S.C. § 1983 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff S. Pitts;

2.    Count II: Retaliation for exercising free speech rights (42 U.S.C. § 1983 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff King;

3.    Count III: Retaliation for exercising free speech rights (42 U.S.C. § 1983 and 1st, 4th, 14th Amendments), asserted by Plaintiff M. Copling;

4.    Count XXI: Deprivation of rights under color of law (18 U.S.C. § 242 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff S. Pitts;

5.    Count XXII: Deprivation of rights under color of law (18 U.S.C. § 242 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff King; and

6.    Count XXIII: Deprivation of rights under color of law (18 U.S.C. § 242 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff M. Copling.

In addition to the six Counts alleged against both Defendants Martin and Coleman, there is one additional Count alleged against Defendant Coleman: illegal search and seizure (42 U.S.C. § 1983 and 1st, 4th, 14th Amendments), asserted by Plaintiff M. Copling.

As with the claims asserted against Defendants Magel, Spratt, and SCDTF, when looking at the Counts against Defendants Martin and Coleman, it does not initially appear that Plaintiffs

have offered any facts in support of those claims. However, each Count specifically incorporates all of the preceding paragraphs, which include a lengthy recitation of the factual allegations asserted by Plaintiffs with respect to this case. There are six paragraphs in particular that are relevant to these Defendants, specifically, paragraphs 61-82, 121-124, and 236. In these paragraphs, Plaintiffs allege that Defendant Coleman (with other Defendants) arrested Plaintiff King and refused to say why, and that Defendant Coleman made Plaintiff King fear for Plaintiff M. Copling's life. Plaintiffs also allege that Defendant Coleman and other Defendants went to Plaintiff S. Pitts' house, threatened her husband with bodily harm, demanded to speak to her, and then arrested her, without telling her why, and without letting her take her diabetes medication. Additionally, Plaintiffs aver that Defendant Coleman told them that he would testify in court that they were liars, and that Defendant Martin refused to investigate a complaint Plaintiffs made against an officer with the Cuba Police Department (specifically, Defendant Tim Bailey).

When considering these facts in combination with the allegations made against Defendant Martin and Defendant Coleman, it is possible to make out the general claims Plaintiffs assert against these Defendants. Thus, the Court believes that Plaintiffs' Complaint, at a minimum, puts Defendants Martin and Coleman on notice of the claims against them. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"). The Court does, however, note that it has not considered the sufficiency of the Complaint with regard to these claims because Defendants' challenge was limited to their inability to discern the claims made against them.

In sum, the Court finds that it is appropriate to dismiss Count XXIX, the sole Count asserted against Defendant CCSD, and also to dismiss Counts XI, XII, XIV, XV, XVI, and XVII, as to Defendant Martin and Defendant Coleman only. Defendants Martin and Coleman's request that the Court also dismiss the remaining Counts against them will be denied.

## V. DEFENDANTS RICKERD AND OPD'S MOTION TO DISMISS

Defendants Rickerd and OPD argue that the claims asserted against them should be dismissed for essentially two reasons. First, they argue that Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b), for failure to comply with the general rules concerning pleading a claim contained in Rule 8. Second, they argue that Plaintiffs have failed to state a claim against them (a sufficiency argument). The Court will focus on the latter argument, as it is the more persuasive of the two.

### A. Defendant Rickerd

In his argument that Plaintiffs have failed to state a claim upon which relief can be granted, Defendant Rickerd challenges the sufficiency of the allegations made against him. Plaintiffs allege five claims against Defendant Rickerd:

1. Count I: Retaliation for exercising free speech rights (42 U.S.C. § 1983 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff S. Pitts;

2. Count XI: Conspiracy to interfere with civil rights (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff S. Pitts;

3. Count XII: Conspiracy to interfere with civil rights (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff King;

4.      Count XV:  Neglect to prevent conspiracy (42 U.S.C. § 1986 and 1st, 4th, 5th, 8th, 14th

        Amendments), asserted by Plaintiff S. Pitts; and

5.      Count XVI:  Neglect to prevent conspiracy (42 U.S.C. § 1986 and 1st, 4th, 5th, 8th, 14th

        Amendments), asserted by Plaintiff King.

As discussed above, the Court must examine Plaintiffs' lengthy recitation of the facts in order to

find support for these Counts.  Defendant Rickerd is only mentioned in four paragraphs (all

grammatical mistakes in original):

> 02/09/2010, due to defendants Rickerd, Magel, Spratt and Bailey and Copling, conspiracy to manufacture false allegations against plaintiffs Pitts and King, the original state investigation from 2004, which was made up of false allegations due to retaliation from defendants against plaintiff Pitts, has been repeatedly opened and is presently opened in an attempt by defendants to punish Plaintiff Pitts for exercising her right to freedom of speech and in an attempt to deny Plaintiffs Pitts and King, as well as other family members the right to freedom and equal protection under the law and plaintiffs rights for due process.
>
> *   *   *
>
> Defendant Rickerd, works with defendant Spratt, and has provided false information to him in an attempt to harass plaintiff Pitts and other family members, out of retaliation for filing complaints against defendant Rickerd with various agencies in the State of Missouri for misconduct in office.
>
> *   *   *
>
> Defendants Rickerd and Sprat, Copling, Bailey and Magel, conspired together to manufacture false charges against plaintiffs Pitts, and King, as well as other family members, by making false statements and manufacturing a false criminal case against plaintiff Pitts, resulting in not one but several state investigation into their false allegations against plaintiffs Pitts, King and other family members out of retaliation against plaintiffs for filing complaints against them.
>
> *   *   *
>
> Defendant Rickerd, and Copling have made several false statements to other law enforcement officers and others, that plaintiff Pitts stole the list of drug task force agents from police files and off police computers in an attempt to harass, and resulting in drug task force agents harassing plaintiff Pitts for years for something she never did.

(Complaint, doc. #1, p. 26-27, ¶225, 228, 230, 234).  Having set forth each of the claims alleged against Defendant Rickerd, and the relevant facts set forth by Plaintiffs in their Complaint, this Court must now examine whether "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (internal citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement "plausibly suggesting . . . that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007).

Count I is a claim brought by Plaintiff S. Pitts under 42 U.S.C. § 1983, based on alleged violations of her First, Fourth, Fifth, Eighth and Fourteenth Amendment rights.  The Eighth Circuit has established that in order "to state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)).  Even if the Court assumes, for the sake of argument, that Plaintiffs sufficiently alleged that Defendant Rickerd was acting under color of state law, Count I still fails because Plaintiffs have not alleged facts showing that Defendant Rickerd engaged in conduct that deprived Plaintiff S. Pitts of a constitutionally protected federal right.  The facts alleged, if taken as true, do not establish that Defendant Rickerd, in retaliation for Plaintiff S. Pitts exercising her right to free speech,: 1) deprived her of her right to freedom of religion, speech, or assembly (First Amendment); 2) subjected her to an unreasonable search or seizure (Fourth Amendment); 3) deprived her of her property or liberty without due process of the law (Fifth Amendment); 4) subjected her to cruel and unusual punishment (Eighth Amendment); or 5) otherwise deprived her

of due process or equal protection of the law (Fourteenth Amendment). Thus, the Court finds that Count I should be dismissed as to Defendant Rickerd only, due to Plaintiffs' failure to state a claim upon which relief can be granted.

Counts XI and XII are both conspiracy claims. As noted above with respect to Defendants Martin and Coleman, in order to state a claim for conspiracy under 42 U.S.C. § 1985, Plaintiffs must allege:

> "(1) the defendants conspired, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital privilege of a citizen."

*Rollen v. Coates*, 2009 WL 2391970, at *2-3 (E.D. Mo. Aug. 3, 2009) (quoting *Criswell v. City of O'Fallon, Mo.*, 2007 WL 1760744, at *5 (E.D. Mo. June 15, 2007)). "A conspiracy claim . . . requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (quoting *Kearse v. Moffett*, 311 F.3d 891, 892 (8th Cir. 2002) (per curiam)). A brief review of the factual allegations as to Defendant Rickerd, set forth above, quickly reveals that each of the statements that references a conspiracy contains mere conclusory allegations, without any factual assertions offered in support. Such conclusory allegations are insufficient to survive a motion to dismiss. *See Dubray v. Rosebud Housing Auth.*, 565 F. Supp. 462, 466 (D.C. S.D. 1983) ("It is well settled that conclusory allegations of a conspiracy are insufficient to state a claim under § 1985(3). There must be some showing of facts to support a conspiracy claim." (internal citation omitted)). Thus, the Court concludes that the two Counts of conspiracy alleged against Defendant Rickerd, Count XI and Count XII, should be dismissed, for failure to state a claim.

Finally, Counts XV and XVI are both claims under 42 U.S.C. § 1986, for neglect to prevent the conspiracy. "A cause of action under § 1986 is dependent on a valid claim under § 1985." *Kaylor v. Fields*, 661 F.2d 1177 (8th Cir. 1981); *see also Hayward v. Health Dep't & Dep't of Law, City of Independence, Mo.*, 98 F.App'x 566, at *1 (8th Cir. 2004) (per curiam) (citing *Kaylor*). Because Plaintiffs failed to state a valid conspiracy claim against Defendant Rickerd under § 1985, Plaintiffs' § 1986 claims against this Defendant must also be dismissed.

Accordingly, the Court has determined that each of the five Counts alleged by Plaintiffs against Defendant Rickerd (Counts I, XI, XII, XV, and XVI) should be dismissed.

**B.      Defendant OPD**

The sole Count of Plaintiff's Complaint that is asserted against Defendant OPD is Count XXV, in which Plaintiff S. Pitts generally alleges police misconduct, inadequate supervision, and deliberate indifference. The claim is made under 42 U.S.C. § 14141. Defendants argue that this claim must fail because Defendant OPD is not an entity capable of being sued. This Court agrees. Defendant OPD is "not [a] juridical entit[y] suable as such," rather, it is merely a subdivision of a larger governmental body. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)). Moreover, even if Defendant OPD were capable of being sued, the claim asserted against it would still be dismissed because Plaintiff S. Pitts does not have standing to assert a claim under 42 U.S.C. § 14141. That statute only applies to juveniles, and it does not create a private cause of action, rather it specifically allows the Attorney General to bring a civil action to "obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." 42 U.S.C. § 14141; *see also Walls v. City of Bridgeton, Mo.*, 2008 WL 5233054, at *1 (E.D. Mo. Dec. 11, 2008). Thus, Count XXV, the sole Count alleged against Defendant OPD, will be dismissed.

## VI.    DEFENDANTS MSHP, SHANIKA, AND MATHEWS' MOTION TO DISMISS

In their Motion to Dismiss, Defendants MSHP, Shanika, and Mathews argue that Plaintiffs have no standing to sue Defendant MSHP, that Plaintiffs lack standing to sue an officer under 18 U.S.C. § 242, that Plaintiffs' claim for money damages against officers in their official capacities is barred by the Eleventh Amendment, and that Plaintiffs fail to state a claim upon which relief can be granted.

### A.    Defendant MSHP

The sole Count alleged against Defendant MSHP is Count XXX, in which Plaintiff S. Pitts and Plaintiff King allege police misconduct, inadequate supervision, and deliberate indifference under 42 U.S.C. § 14141. However, as discussed above, these Plaintiffs do not have standing to assert a claim under § 14141. That statute only applies to juveniles, and it does not create a private cause of action, rather it specifically allows the Attorney General to bring a civil action to "obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." 42 U.S.C. § 14141; *see also Walls v. City of Bridgeton, Mo.*, 2008 WL 5233054, at *1 (E.D. Mo. Dec. 11, 2008). Thus, Count XXX, the sole Count alleged against Defendant MSHP, should be dismissed.[4]

### B.    Defendant Shanika

_____

[4]This Count will be dismissed, without prejudice, because the Court is allowing Plaintiffs to amend Count XXX of their Complaint. *See infra* Part VIII.

The sole Count alleged against Defendant Shanika is Count I, a claim brought by Plaintiff S. Pitts under 42 U.S.C. § 1983, based on alleged violations of her First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. The Eighth Circuit has established that in order "to state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). Defendants argue that Plaintiffs "offered insufficient facts to frame a claim of any constitutional claim alleged" against Defendant Shanika. (Motion, doc. #51, p.5). This Court disagrees.

In support of Plaintiff S. Pitts' claim against Defendant Shanika, Plaintiffs allege the following facts in their Complaint (all grammatical mistakes in original):

> 03/07/2008, Defendants Coleman, [Shanika] and Crow drive to plaintiffs residence out side the of town to arrest plaintiff Pitts. . . . Defendants Coleman and [Shanika] never announced why they were at plaintiff Pitts residence. Defendant [Shanika] stated to plaintiffs husband that they needed to speak with plaintiff Pitts concerning an accident she was involved in. . . . [P]laintiff Pitts husband told defendants [Shanklin] and Coleman that plaintiff Pitts hadn't been in any accident, wanting to know the real reason defendants [Shanika] and Coleman were there. . . . [S]uddenly, without permission to enter, defendants [Shanika] and Coleman force their way into the residence drawing their guns on plaintiff Pitts husband putting him in fear for his life as well as plaintiff Pitts. . . . [P]laintiff Pitts, who was in a back room on the phone, hearing her husband yelling whoa, whoa, stepped outside the room into the hall, still talking on the phone, and observes her husbands hands in the air and defendants with their guns. . . . [P]laintiff Pitts, yells at defendants [Shanika] and Coleman and demands to know why they were in her residence threatening her husband with bodily harm as they had their guns and both of plaintiffs husbands arms were in the air above his head. . . . [D]efendants [Shanika] and Coleman asks plaintiff Pitts if she was Sharon Pitts, and plaintiff Pitts immediately tells them she is. . . . [D]efendants [Shanika] and Coleman tell plaintiff Pitts that they needed to speak with her. . . . [P]laintiff Pitts tells defendants [Shanika] and Coleman that she'd be right there after she used the bathroom. . . . [A]fter using the bathroom, plaintiff Pitts, who was still on the phone talking, walked down the hall and into the living room and sat

22

down in a chair. . . . [D]efendant [Shanika] informed plaintiff Pitts she was under arrest. When plaintiff Pitts, who was still on the phone asked defendants [Shanika] and Coleman why she was being arrested, defendant [Shanika] stated to plaintiff Pitts that there was a warrant for her arrest but couldn't articulate what the charges were and what plaintiff had done to get arrested. . . . [P]laintiff Pitts . . . starts to take her diabetic medicine before she was taken to jail only to be denied her medicine by defendant [Shanika] and Coleman. . . . [W]hile on the way to jail, plaintiff Pitts told defendant [Shanika] that she needed to go to the bathroom again and was told that she'd have to wait until they got to the jail. While at Crawford County Jail, plaintiff Pitts, who has a lot of medical problems, was cuffed to a metal bench. There Plaintiff Pitts picked up a pamphlet to read and defendant [Shanika] immediately took it from her telling her she wasn't allowed to read it. . . . Plaintiff Pitts was never allowed to use the bathroom. . . . Plaintiff Pitts was denied a copy of the arrest warrant she'd requested, and was treated different that plaintiff King when King was arrest a few hours before Pitts. . . . Plaintiff Pitts was told by a jailer, that there was no record of arrest warrant in system, so it couldn't be confirmed. . . . Plaintiff Pitts was processed and then bonded out.

(Complaint, doc. #1, p. 11-12, ¶69-87). Although the facts are convoluted and can be difficult to parse through, several portions of the above quoted passage stand out to the Court as possible allegations of Defendant Shanika violating Plaintiff S. Pitts' constitutional rights. In particular, the Court believes that the following general allegations are meant to support Plaintiff Pitts' Fourth Amendment argument: 1) that Defendant Shanika and another officer entered Plaintiff S. Pitts' house without permission and without a warrant; and 2) that Defendant Shanika and another officer used their guns to threaten Plaintiff Pitts and her husband. Additionally, the allegations that Plaintiff Pitts was treated differently than another arrested individual and that Defendant Shanika and others arrested Plaintiff Pitts without a warrant or other legitimate reason for doing so, seemingly support Plaintiff Pitts' due process arguments. Finally, the allegations regarding Defendant Shanika's refusal to allow Plaintiff Pitts to use the restroom or take her diabetes medication appear to support Plaintiff Pitts' Eighth Amendment argument. As a result, the Court finds that, with respect to the Count asserted against Defendant Shanika, Plaintiffs

included sufficient support to "plausibly suggest[] . . . that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007). The Court declines to dismiss Count I against Defendant Shanika.

### C.    Defendant Mathews

Plaintiffs allege six Counts against Defendant Mathews:

1.    Count IV:  Violation of constitutional rights (42 U.S.C. § 1983 and 4th, 14th Amendments), asserted by Plaintiff Daniel Pitts ("Plaintiff D. Pitts")

2.    Count IX:  False imprisonment (42 U.S.C. § 1983 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff D. Pitts;

3.    Count XIII:  Conspiracy to interfere with civil rights (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff D. Pitts;

4.    Count XVIII:  Neglect to prevent conspiracy (42 U.S.C. § 1986 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff D. Pitts;

5.    Count XXIV:  Deprivation of rights under color of law (18 U.S.C. § 242 and 4th, 14th Amendments), asserted by Plaintiff D. Pitts; and

6.    Count XXXII:  Illegal search and seizure (42 U.S.C. § 1983 and 4th, 5th Amendments), asserted by Plaintiff D. Pitts.

The facts alleged in support of these six Counts are as follows (all grammatical mistakes in original):

> 12/12/2008, defendants Parish, and Mathews conduct and illegal search and seizure at plaintiff D Pitts residence. . . . [D]efendant Reed, was called to plaintiff D. Pitts residence after the fact and agreed to issue a citation to plaintiff D Pitts for a class a misdemeanor unlawful use of drug paraphernalia on hearsay from defendants Parish and Mathews as defendant Reed wasn't present during the initial incident. . . .

[D]efendant Reed gave plaintiff Pitts a copy of citation # 080198600 which had a court date of 02/02/2009. . . . [D]efendants Mathews, and Parish violated plaintiff D. Pitts, 14th amendment by conducting an illegal search and seizure at plaintiffs residence. . . . [D]efendant Reed was dispatched after defendants Mathews and Parish had violated plaintiff Pitts constitutional rights by conducting an illegal search and seizure, and upon defendants Mathews and Parish's request, defendant Reed issued a summons to court to plaintiff Pitts.

\* \* \*

1/08/2009, . . . Crawford County Prosecutor files charges of misdemeanor possession of drug paraphernalia against plaintiff D. Pitts, along with copies of citation # 08019860, issued to plaintiff D. Pitts and a copy of defendant Reeds incident report.

\* \* \*

02/20/2009, plaintiff D. Pitts, files with the Circuit Court of Crawford County a motion to suppress due to constitutional violations, illegal search and seizure along with a certificate of service, for case # 09A9-CR00051.

\* \* \*

05/18/2009, plaintiff D. Pitts files with the Circuit Court of Crawford County a copy of some of his arguments as to why the evidence state intended to use in court against him should be suppressed due to constitutional violations committed against him by defendants Parish, Mathews, and Reed. . . . Crawford County Prosecutor drives to plaintiff Pitts residence and asks him to come to the courthouse and talk. Plaintiff D Pitts agrees and meets the Crawford County Prosecutor and the circuit judge. There the judge and prosecutor went over the evidence and it was decided that Plaintiff D Pitts constitutional rights were violated and case # 09A9-CR00051 was NOLLE PROSEQUI.

(Complaint, doc. #1, p.22-24 ¶186-190, 193, 196, 202-203).

Defendants' argument with respect to why the Counts alleged against Defendant Mathews should be dismissed is inadequate. They merely state, "Plaintiffs have offered insufficient facts to frame a claim of any constitutional claim alleged." They do not make any more specific arguments regarding *how* any of the claims alleged against Defendant Mathews are insufficient. It is not the Court's responsibility to conduct a rigorous analysis of the pleadings *sua sponte*, and the Court declines to do so here. Upon cursory review by this Court, it is possible to decipher the crux of Plaintiffs' arguments, and although the facts offered in support are sparse, those included are sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010)

(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

Defendants do make a specific argument with respect to Plaintiff D. Pitts' claim against

Defendant Mathews in Count XXIV, for deprivation of rights under color of law under 18 U.S.C.

§ 242. They argue that Plaintiffs do not have authority or standing to prosecute an alleged

violation of federal criminal law. This Court agrees. Section 242 is a statute that pertains to

criminal law, and it "do[es] not provide a civil cause of action or any civil remedies." *Thibeaux v.*

*U.S. Attorney Gen.*, 275 F.App'x 889, at *4 (11th Cir. 2008) (per curiam); *see also Zavala v.*

*Barnik*, 545 F. Supp. 2d 1051, 1056 (C.D. Cal. 2008) ("There can be no civil liability under 18

U.S.C. § 242."); *Lovelace v. Whitney*, 684 F. Supp. 1438, 1441 (N.D. Ill. 1988) ("18 U.S.C. §

242 . . . is a criminal statute which provides no private cause of action."). Therefore, the Court

finds that Plaintiffs' Count XXIV is properly dismissed at this time. Moreover, although the

Court's practice thus far has been to consider only those arguments presented as to each

Defendants, the appropriateness of dismissal is so obvious in this case that the Court will *sua*

*sponte* dismiss Counts XXI, XXII, and XXIII. These Counts were all brought under 18 U.S.C. §

242, and are identical to Count XXIV, except they are alleged by different Plaintiffs, against

different Defendants.

### D.    Money Damages and Injunctive Relief

In addition to the arguments discussed in the preceding paragraphs, Defendants Shanika

and Mathews also make several arguments regarding the relief sought by Plaintiffs. First, they

argue that the 11th Amendment bars Plaintiffs' demands for money damages against Troopers

Shanika and Mathews on claims against them in their official capacities. It is not clear from

Plaintiffs' Complaint whether they are seeking money damages from all Defendants, nor is it clear whether they seek such damages from the individual Defendants in their official capacities. The Court agrees that a plaintiff cannot sue a person in his or her official capacity for money damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67 (1989). However, because it is not clear if Plaintiffs seek money damages alone against Defendants Shanika and Mathews, dismissal of Plaintiffs' § 1983 claims against them is inappropriate. The Court notes that Plaintiffs will not be awarded money damages for a judgment against any of the individual defendants in their official capacity only.

Defendants also argue that Plaintiffs lack standing to seek injunctive relief against Defendants Shanika and Mathews. They argue that Plaintiffs failed to make any allegations about the likelihood of future misconduct at the hands of Shanika or Mathews. The Court rejects this argument. This Court "need only conduct a 'straightforward inquire into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 262, 296 (1997) (O'Connor, J., concurring in part and in judgment)) (alteration in original). Looking at the *pro se* Complaint as a whole, it is clear that the gravamen of Plaintiffs' argument is that numerous law enforcement officials and agencies have engaged in a series of acts that violate Plaintiffs' constitutional rights, and that Court action is necessary to end the pattern of abuse. This is sufficient to overcome the pending Motion to Dismiss.


## VII.   DEFENDANTS SPD AND REED'S MOTION TO DISMISS

The final Motion to Dismiss before the Court at this time was filed by Defendants SPD and Reed. The arguments made with respect to Defendant Reed are unnecessary, as this Court has already dismissed all of the claims made by Plaintiff D. Pitts against Defendant Reed [doc. #67]. None of the other Plaintiffs asserted claims against Defendant Reed, so Defendant Reed was properly terminated from this case as of June 8, 2010.

With respect to Defendant SPD, the sole Count alleged is one for police misconduct, inadequate supervision, and deliberate indifference under 42 U.S.C. § 14141. However, Defendant SPD is "not [a] juridical entit[y] suable as such," rather, it is merely a subdivision of a larger governmental body. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)). Moreover, even if Defendant SPD were capable of being sued, the claim asserted against it would still be dismissed because Plaintiff D. Pitts does not have standing to assert a claim under 42 U.S.C. § 14141. That statute only applies to juveniles, and it does not create a private cause of action, rather it specifically allows the Attorney General to bring a civil action to "obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." 42 U.S.C. § 14141; *see also Walls v. City of Bridgeton, Mo.*, 2008 WL 5233054, at *1 (E.D. Mo. Dec. 11, 2008). Thus, Count XXXV, the sole Count alleged against Defendant SPD, will be dismissed.

## VIII.   PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

After all of the previously discussed motions to dismiss were filed, with the exception of Defendants SPD and Reed's Motion to Dismiss, which was filed less than two weeks later, Plaintiffs filed a Motion for Leave to File an Amended Complaint [doc. #71]. Their proposed Amended Complaint includes amendments to Counts XXV, XXVI, XXVII, XXVIII, XXIX, XXX, and XXXV, which are all claims alleged against entity defendants. Plaintiffs seek to amend

these Counts so that they are no longer asserted under 42 U.S.C. § 14141, and are instead asserted under 42 U.S.C. § 1983. The Eighth Circuit has determined that "[a] district court should freely give leave to a party to amend its pleadings when justice so requires; however, it may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

The Court will allow Plaintiffs to amend their Complaint only where doing so is not obviously futile. More specifically, the Court finds that amending Count XXIX (against Defendant CCSD), Count XXV (Defendant OPD), and Count XXXV (Defendant SPD) would be futile because the Court determined that those Counts are properly dismissed, at least in part, on the basis that the Defendants were not legal entities capable of being sued. However, the Court will allow Plaintiffs to amend Count XXVI (against Defendant Cuba Police Department), and Count XXVII (against Defendant Lake Area Narcotics Group), because neither of these Defendants has made any arguments thus far regarding the inadequacy of Plaintiffs' claims against them. Thus, the Court does not believe that an amendment would prejudice these Defendants. As to Count XXVIII (against Defendant SCDTF), this Court has already rejected the arguments made in Defendant SCDTF's Motion to Dismiss. Because this Defendant will be continuing with the case regardless, the Court does not believe that an amendment would cause significant prejudice. Finally, as to Count XXX (against Defendant MSHP), this Court determined that dismissal was appropriate, but that determination was based solely on Plaintiffs' lack of standing

to assert a claim under 42 U.S.C. § 14141.[5] Plaintiffs' proposed amendment to Count XXX would correct this deficiency, and not allowing Plaintiffs to make said amendment would be unjust, particularly in light of Plaintiffs' *pro se* status. Thus, the Court will allow Plaintiffs to amend Count XXX.

In sum, the Court will permit Plaintiffs to amend Counts XXVI, XXVII, XXVIII, and XXX. The Court directs Plaintiffs to file a complete updated Amended Complaint that contains all of the Counts alleged against all of the Defendants, with the proposed amendments made to Counts XXVI, XXVII, XXVIII, and XXX only. Said filing shall be made no later than January 31, 2010.

## IX.    SUMMARY AND CONCLUSION

Upon entering this Order, the following Counts will be dismissed from this case: Count I as to Defendant Rickerd only; Count IV as to Defendant Reed only (based on prior stipulated dismissal); Count XI as to Defendants Coleman, Martin, and Rickerd only; Count XII as to Defendants Coleman, Martin and Rickerd only; Count XIII as to Defendant Reed only (based on prior stipulated dismissal); Count XIV as to Defendants Coleman and Martin only; Count XV as to Defendants Coleman, Martin, and Rickerd only; Count XVI as to Defendants Coleman, Martin, and Rickerd only; Count XVII as to Defendants Coleman and Martin only; Count XVIII as to Defendant Reed only (based on prior stipulated dismissal); Count XXI in its entirety; Count XXII in its entirety; Count XXIII in its entirety; Count XXIV in its entirety; Count XXV in its entirety; Count XXIX in its entirety; Count XXXII as to Defendant Reed only (based on prior stipulated

---

[5]Defendant SCDTF did not make any argument in its Motion to Dismiss regarding whether it qualifies as an entity capable of being sued. As previously stated, this Court is, for the most part, only considering those arguments presented to it in the various motions to dismiss.

dismissal); and Count XXXV in its entirety. Counts XXVI, XXVII, XXVIII, and XXX are amended, and remain in this case. The following Defendants are terminated, as there are no longer any Counts pending against them: Crawford County Sheriff's Department, Robert Rickerd, Owensville Police Department, Steelville Police Department. Defendant Adam Reed was previously terminated from this case, pursuant to a prior stipulated dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Frank Magel, Shane Spratt, and South Central Drug Task Force's Motion to Dismiss [doc. #35] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Crawford County Sheriff's Department, Randy Martin, and Jay Coleman's Motion to Dismiss [doc. #43] is **GRANTED**, **in part**, and **DENIED**, **in part**. Count XXIX is **DISMISSED**, **with prejudice**, as are Counts XI, XII, XIV, XV, XVI, and XVII, as to Defendant Martin and Defendant Coleman only.

**IT IS FURTHER ORDERED** that Motion of Defendants Robert Rickerd and Owensville Police Department to Dismiss [doc. #45] is **GRANTED**. Counts I, XI, XII, XV, and XVI are **DISMISSED**, **with prejudice**, as to Defendant Rickerd only. Count XXV, the sole Count alleged against Defendant OPD, is also **DISMISSED**, **with prejudice**.

**IT IS FURTHER ORDERED** that Defendants Missouri State Highway Patrol, Rhonda Shanika, and Nicholas Mathews' Motion to Dismiss [doc. #51] is **GRANTED**, **in part**, and **DENIED**, **in part**. Counts XXI, XXII, XXIII, and XXIV are **DISMISSED**, **with prejudice**. Count XXX is **DISMISSED**, **without prejudice**.

**IT IS FURTHER ORDERED** that Motion of Defendants Steelville Police Department and Adam Reed to Dismiss [doc. #74] is **GRANTED**.  Count XXXV is **DISMISSED**, **with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint [doc. #63] is **GRANTED**, **in part**, and **DENIED**, **in part**, as set forth above. Plaintiffs are directed to file, no later than **January 31, 2011**, a complete updated Amended Complaint, containing all of the Counts alleged against all of the Defendants, with the proposed amendments made to Counts XXVI, XXVII, XXVIII, and XXX only.

**IT IS FURTHER ORDERED** that Motion to Strike Plaintiffs' Sur-Reply to Defendants' Motion to Dismiss [doc. #54] is **DENIED**, **as moot**.  Plaintiffs' Motions to Quash [docs. #48, 56, 58], which are actually responsive briefs, are also **DENIED**, **as moot**.

Dated this 7th Day of January, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE