UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON PITTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV00274 ERW |
| | ) | |
| CITY OF CUBA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Lake Area Narcotics Group's Motion

to Dismiss [doc. #86] and Plaintiffs' Motion to Quash Defendant Lake Area Narcotics Group

Motion to Dismiss [doc. #112].

I.      **BACKGROUND**

On February 16, 2010, the Plaintiffs filed their Complaint, which set forth 35 counts of

alleged violations on Plaintiffs' civil rights against 8 entities and 22 individuals [doc. #1].  On

January 3, 2011, Defendant Lake Area Narcotics Group ("Lake Area") filed its Motion to

Dismiss [doc. #86].  On January 7, 2011, this Court granted Plaintiffs' request to amend their

Complaint [doc. #87].  On January 31, 2011, Plaintiffs filed their Amended Complaint, wherein

they claim police misconduct by Lake Area under 42 U.S.C. § 1983 [doc. #89].  The Plaintiffs

filed their Response to Defendants Motion to Dismiss on February 3, 2011 [doc. #90], and filed

their Motion to Quash Defendant Lake Area Narcotics Group Motion to Dismiss on March 8,

2011 [doc. #112].

II.      **LEGAL STANDARD**

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief."  In order to meet this standard and to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citation omitted).  This requirement of facial plausibility means that the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).  Furthermore, courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4  (8th Cir. 2010) (internal citation omitted).  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alterations and citations omitted); *see also Iqbal*, 129 S. Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)).  Nevertheless, although the "plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility," it is not a

"probability requirement." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely," *id.* (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted), provided that the complaint contains sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## III. DISCUSSION

In its Motion to Dismiss, Lake Area argues that Plaintiffs have no standing to bring a claim against Lake Area under 42 U.S.C. § 14141 since only the United States Attorney General is authorized to pursue injunctive relief under the statute. As noted in this Court's January 7, 2011 Memorandum and Order, Plaintiffs do not have standing to assert a claim under 42 U.S.C. § 14141. That statute only applies to juveniles, and it does not create a private cause of action, rather it specifically allows the Attorney General to bring a civil action to "obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." 42 U.S.C. § 14141; *see also Walls v. City of Bridgeton, Mo.*, 2008 WL 5233054, at *1 (E.D. Mo. Dec. 11, 2008). However, Plaintiffs subsequently filed their Amended Complaint, wherein they allege police misconduct under 42 U.S.C. § 1983 rather than under 42 U.S.C. § 14141. The sole Count asserted against Lake Area in Plaintiffs' Amended Complaint is Count XXII. In this Count, Plaintiffs Sharon Pitts, Lisa King, and Daniel Pitts generally allege police misconduct, inadequate supervision, and deliberate indifference.

In its Motion to Quash, Plaintiffs argue that because Lake Area's "Motion to Dismiss was

in reference to the original Complaint filed by the plaintiffs on 2-16-2010, not the Amended

Complaint filed with this Court on 1-31-2011," the motion "has no bearing on Plaintiff's

Amended Complaint as the Amended Complaint no longer contains the Counts filed against"

Lake Area.  In their Amended Complaint, the Plaintiff's allege substantially similar misconduct

in violation of 42 U.S.C. § 1983 as they did in their original complaint under 42 U.S.C. § 14141.

While the Court would normally state that Lake Area should be afforded the opportunity to file

an updated Motion to Dismiss so that it may properly address the claims against it in the

Plaintiffs' Amended Complaint, Lake Area also addressed 42 U.S.C. § 1983 in its Motion to

Dismiss, in addition to 42 U.S.C. § 14141.  Lake Area states that "Plaintiffs' allegations reveals

their theory against [Lake Area] is rooted in a respondeat superior theory" . . . which "is not

cognizable under a 42 U.S.C. § 1983 claim."  Lake Area also argues that it is not a "'person'

within the meaning of § 1983 inasmuch as it is an arm of the state operated under the jurisdiction

of the Missouri Highway Patrol," and should therefore be dismissed from this litigation.

The Court agrees that Lake Area is not an entity capable of being sued.  As this Court

discussed in its Memorandum and Order on January 7, 2011 in dismissing Defendant Crawford

County Sheriff's Department, Lake Area is also "not [a] juridical entit[y] suable as such," rather,

it is merely a subdivision of a larger governmental body.  *Ketchum v. City of West Memphis,*

*Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)); *see also Catlett v. Jefferson County*, 299 F. Supp. 2d 967,

968-69 (E.D. Mo. 2004) (granting motion to dismiss filed by Jefferson County Sheriff's

Department, upon finding that it is not a legal entity subject to suit under 42 U.S.C. § 1983).

Thus, Count XXII, the sole Count alleged against Defendant Lake Area, will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lake Area Narcotics Group's Motion to Dismiss [doc. #86] is **GRANTED.**  Count XXII is **DISMISSED, with prejudice**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs' Motion to Quash Defendant Lake Area Narcotics Group Motion to Dismiss [doc. #112] is **DENIED.**

Dated this <u>16th</u> day of <u>June</u>, 2011.

_____

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE