UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHARON PITTS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00274 ERW |
| ) | |
| CITY OF CUBA, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Shane Spratt, Frank Magel and the South Central Drug Task Force's Motion to Dismiss [doc. #98].

## I.  BACKGROUND

On February 16, 2010, Plaintiffs Sharon Pitts, Lisa King, Marilyn Copling, and Daniel Pitts, acting *pro se*, filed their Complaint, which set forth 35 counts of alleged violations on Plaintiffs' civil rights against 8 entities and 22 individuals [doc. #1]. On March 26, 2010, Defendants Spratt, Magel, and the South Central Drug Task Force ("SCDTF") filed a Motion to Dismiss [doc. #35]. In their Motion, they argued that Plaintiffs' claims against them should be dismissed for failure to state a claim upon which relief can be granted because the Complaint did not give adequate notice of the allegations against them. In its January 7, 2011 Memorandum and Order, the Court considered this Motion to Dismiss and only addressed those arguments that were actually raised. The sole argument made by Defendants Spratt, Magel and SCDTF in support of their Motion to Dismiss was:

Plaintiffs have made vague and sweeping allegations against each of the Defendants

> but fail to make a connection between the specific allegations and each individual Defendant. The allegations made in the Complaint make it virtually impossible for the Defendants to formulate proper defenses. The Complaint does not give the individual Defendants notice of the allegations against them.

(Motion, doc. #35, p.2 ¶3). Thus, the Court had to determine whether Plaintiffs' *pro se* Complaint complied with Federal Rule of Civil Procedure 8(a)(2), and gave Defendants Spratt, Magel, and SCDTF notice of the claims against them. Based on the information contained in paragraphs 225-230 of the original Complaint, in combination with the Counts alleged against Defendants Spratt and Magel, this Court was able to discern the essential claims made by Plaintiffs, and the facts upon which those claims rested. The Court also believed that Plaintiffs' Complaint, at a minimum, puts Defendant SCDTF on notice of the claims against it. The Court, therefore denied the Motion to Dismiss. Additionally, the Court noted its analysis in no way examined the sufficiency of Plaintiffs' allegations with respect to the claims made. Defendants' Motion was based solely on their inability to understand the allegations made against them, and did not include any sufficiency arguments. In the January 7, 2011 Memorandum and Order, this Court also granted Plaintiffs' request to amend their Complaint [doc. #87]. On January 31, 2011, Plaintiffs filed their Amended Complaint, wherein they set forth eight claims against Defendants Shane Spratt and Frank Magel, for violations of their rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and claim police misconduct by SCDTF under 42 U.S.C. § 1983 [doc. #89]. On February 22, 2011, Defendants Spratt, Magel, and SCDTF filed a new Motion to Dismiss [doc. #98], wherein they now challenge the sufficiency of the allegations against them that are contained in the Amended Complaint. The Plaintiffs filed their Motion to Quash Defendants Magel, Spratt, and SCDTF's Motion to Dismiss on March 8, 2011 [doc. #110],

which this Court construed as a Response in its June 9, 2011 Memorandum and Order [doc. #123]. Defendants Spratt, Magel, and SCDTF filed their Reply on March 15, 2011 [doc. #114].

## II. LEGAL STANDARD

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." In order to meet this standard and to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Furthermore, courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alterations and citations omitted); *see also Iqbal*, 129 S. Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, although the "plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility," it is not a "probability requirement." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely," *id.* (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted), provided that the complaint contains sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). The Court will first consider the allegations against Defendants Spratt and Magel.

### III. DEFENDANTS SPRATT AND MAGEL'S MOTION TO DISMISS

Eight of the counts alleged in the Amended Complaint are asserted against both Defendants Spratt and Magel:

1. Count I: Retaliation for exercising free speech rights (42 U.S.C. § 1983 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Sharon Pitts;

2. Count II: Retaliation for exercising free speech rights (42 U.S.C. § 1983 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Lisa King;

3. Count XI: Conspiracy to interfere with civil rights (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Sharon Pitts;

4. Count XII: Conspiracy to interfere with civil rights (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Lisa King;

4

5. Count XV: Neglect to prevent conspiracy (42 U.S.C. § 1986 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Sharon Pitts;

6. Count XVI: Neglect to prevent conspiracy (42 U.S.C. § 1986 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Lisa King;

7. Count XIX: Abuse of process (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Sharon Pitts;

8. Count XX: Abuse of process (42 U.S.C. § 1986 and 1st, 4th, [5th], 8th, 14th Amendments), asserted by Plaintiff Lisa King.

As with the original Complaint, the Court must examine Plaintiffs' lengthy recitation of the facts in order to determine if there is support for these Counts. In the Amended Complaint, the references to either Defendant Spratt and Defendant Magel pertinent to this Court's analysis are (all grammatical mistakes in original):

> 03/24/2008 . . . Plaintiff Marilyn Coplings' husband stated that he was helping the police set up Plaintiffs Lisa King and Sharon Pitts. Plaintiff Marilyn Coplings husband stated that the police, including Defendant Frank Magel hated Plaintiff Sharon Pitts guts. [¶ 112].
> 
> \* \* \*
> 
> 11/03/2008 . . . Plaintiff Sharon Pitts also requested a copy of an incident report dated May 2, 2006, due to a statement written in a narcotics investigation being conducted by the Drug Task Force agencies and Defendants Shane Spratt, and Frank Magel. [¶ 175].
> 
> \* \* \*
> 
> 02/09/2010, Due to Defendants Frank Magel, Shane Spratt, Tim Bailey and Kevin Copling planning to manufacturing false allegations against Plaintiffs Sharon Pitts, and Lisa King. Defendant Kevin Copling told Plaintiffs Marilyn Copling and Lisa King about their plan. the original false state investigation dated 2004, investigating Plaintiff Sharon Pitts, has been repeatedly opened and in an attempt by Defendants to punish Plaintiffs Sharon Pitts and other family members, for exercising her right to freedom of speech, and in an attempt to deny Plaintiff Sharon Pitts, and Lisa King, as well as other family members the right to freedom and equal protection under the law and plaintiffs rights for due process.

5

Defendant Kevin Copling has stated over and over how Defendants Frank Magel, Tim Bailey, himself, and others were planning on squashing Plaintiffs Sharon Pitts, Lisa King, and Marilyn Copling, and their families, by completely destroying them and all it took was a few officers/people, making false statements, which was only a class A misdemeanor, as the cops do it all the time to get rid of someone, including other police officers that got in their way. [¶ 223].

\* \* \*

Plaintiff Sharon Pitts tried to contact the Drug Task Force Board of Directors, to file a complaint against Defendants Frank Magel, and Shane Spratt, as well as Scott Parish and the Drug Task Force Coordinators, who refused to let Plaintiff Sharon Pitts meet with the Board of Directors to file a complaint, thus denying Plaintiff Sharon Pitts the right to Freedom of Speech. [¶ 224].

\* \* \*

Plaintiff Sharon Pitts tried to contact the Lake Area Narcotics Group to file a complaint against Defendants Shane Spratt, who was going by another name. Plaintiff Sharon Pitts did speak to two ladies with the Lake Area Narcotics Group and told them that she wanted to file a complaint with them against Shane Spratt and the way he handled an informant Plaintiff Sharon Pitts had tried to place with the task force to help bring down some of the bigger drug dealers in the area, only to have Defendant Shane Spratt to act inappropriately with the informant, refusing to conduct drug busts, failed to show up at meetings and drug houses, leaked out information to drug dealers, that could have gotten informant killed or possibility hurt very badly. After Plaintiff Sharon Pitts tried to file a complaint against Defendant Shane Spratt, another agent working with the Lake Area Narcotic Group called Plaintiff Sharon Pitts at her home and made threats to Plaintiff Sharon Pitts telling her she needed to keep her mouth shut as he worked with Defendant Shane Spratt and would go to court and testify on his behalf against Plaintiff Sharon Pitts, stating that he was a cop of many years and the judge would believe him over Plaintiff Sharon Pitts. [¶ 225].

\* \* \*

Defendant Shane Spratt, has stated to others that he had it in for Plaintiff Sharon Pitts, because she had gotten a copy of the Drug Task Force agents information and Defendant Shane Spratt had to change all his contact information and he (Defendant Shane Spratt) would make her (Plaintiff Sharon Pitts) pay for him having to change any and all contact information he had . . . . [¶ 276].

\* \* \*

Defendants South Central Drug Task Force Agent- Frank Magel, the Lake Area Narcotics Group agent- Shane Spratt, Tim Bailey, and Kevin Copling planned to manufacture false charges, false statements, and false criminal charges against Plaintiffs Sharon Pitts, Lisa King, and other family members, resulting in not one but several state investigations being conducted against Plaintiffs Sharon Pitts, Lisa King, and other family members out of retaliation against Plaintiffs attempting to file complaints against Defendants. Plaintiffs found out about Defendants plan because of Defendant Kevin Copling bragging on what they were planning on doing. [¶ 228].

* * *

Plaintiff Sharon Pitts, along with Lisa King, asked Defendant Tim Bailey, why Plaintiff Sharon Pitts and Lisa Kings phones were tapped. Defendant Tim Bailey told Plaintiffs Sharon Pitts and Lisa King that their phones were tapped at the brick building in Cuba, MO by Defendant Frank Magel and the DEA in Fort Worth Texas. Defendant Tim Bailey stated to Plaintiff Sharon Pitts that the tap that South Central Drug Task Force agent-Frank Magel had on their phone typed out everything being said over the phones. [¶ 230].

* * *

Plaintiff Sharon Pitts claims damages for injuries set forth above . . . against defendants . . . Shane Spratt . . . [and] Frank Magel . . . , who under the color of law violated her constitutional rights by, but not limited to conspiracy against plaintiffs rights and to obstruct justice, intimidating and depriving Plaintiff Sharon Pitts of her rights and privileges as a citizen of the United States. [¶ 277].

* * *

Plaintiff Lisa King claims damages for injuries set forth above . . . against defendants . . . Shane Spratt . . . [and] Frank Magel . . . , who under the color of law violated her constitutional rights by, but not limited to conspiracy against Plaintiffs rights and to obstruct justice, intimidating and depriving Plaintiff Lisa King of her rights or privileges as a citizen of the United States. [¶ 280].

* * *

Plaintiff Sharon Pitts claims damages for injuries set forth about . . . against Defendant . . . Shane Spratt . . . [and] Frank Magel . . . , who under the color of law violated her constitutional rights by, but not limited to Defendants failure to prevent conspiracy against Plaintiff Sharon Pitts civil rights which could have been prevented. [¶ 289].

* * *

Plaintiff Lisa King claims damages for injuries set forth about . . . against Defendant . . . Shane Spratt . . . [and] Frank Magel . . . , who under color of law violated her constitutional rights by, but not limited to Defendants failure to prevent conspiracy against Plaintiff Lisa Kings civil rights which could have been prevented. [¶ 292].

* * *

Plaintiff Sharon Pitts claims damages for injuries set forth about . . . against Defendants . . . Shane Spratt . . . [and] Frank Magel . . . , who under color of law violated her constitutional rights by, but not limited to Defendants abuse of process against Plaintiff Sharon Pitts civil rights. [¶ 301].

* * *

Plaintiff Lisa King claims damages for injuries set forth about . . . against Defendants . . . Shane Spratt . . . [and] Frank Magel . . . , who under color of law, violated her constitutional rights by, but not limited to Defendants abuse of process against Plaintiff Lisa Kings civil rights. [¶ 304].

(Amended Complaint, doc. #89, p. 33, ¶ 112; p. 54 - 55, ¶ 175; p. 66 - 67, ¶ 223; p. 67, ¶ 224; p.

67 - 68, ¶ 225; p. 68, ¶ 276; p. 68 - 69, ¶ 228; p. 69, ¶ 230; p. 81, ¶ 277; p. 81 - 82, ¶ 280; p. 84, ¶ 289; p. 85, ¶ 292; p. 87, ¶ 301; p. 88, ¶ 304).

In Count XXII of the Amended Complaint, the Plaintiffs allege police misconduct by Lake Area Narcotics Group. The Court dismissed the claims against Lake Area Narcotics Group in its June 16th, 2011 Memorandum and Order [doc. #124]. However, Defendant Spratt is additionally mentioned in several paragraphs in this Count. (*See* Amended Complaint, doc. #89, pp. 92 - 98, ¶ 325 (A - E), (G - H), and (K); ¶ 326; ¶ 330; ¶ 333; ¶ 336; ¶ 338; and ¶ 341). While Plaintiffs did not include these allegations against Defendant Spratt in the paragraphs involving or preceding the Counts in which he is named as a defendant, there are several allegations in Count XXII that are relevant to Plaintiffs' claims against Defendant Spratt, which include (all grammatical mistakes in original):

> Defendants Shane Spratt, a.k.a. Bobby Kyle, as well as other a.k.a. names, knowingly abused his power as an officer of the law, by conspiring to instigate a narcotic investigation against Plaintiffs' Sharon Pitts, and Lisa King, out of retaliation for Plaintiffs exercising their rights to freedom of speech-violating Plaintiffs First Amendment Rights guaranteed by the Constitution, and for his own personal reasons to get even with Plaintiff Sharon Pitts, because she had obtained a list from Cuba City Hall, that contained any and all information to any and all drug task force agents, which resulted in Defendant Spratt/Kyle, having to change any and all of [his] contact information, as well as his fellow agents. [¶ 325 (C)].
> \* \* \*
> Defendant Shane Spratt/a.k.a. Bobby Kyle . . . conspired to deny Plaintiff Sharon Pitts, Lisa King, and other family members by violating their constitutional rights trying deprive Plaintiffs Sharon Pitts, Lisa King and other family members their right to Life, Liberty, and Property, without due process, and by abusing [the] power to use his officer for personal reasons, conspiring to manufacture a false criminal case against Plaintiffs Sharon Pitts and Lisa King, out of retaliation for Plaintiffs speaking out and trying to file complaints against Defendants Shane Spratt/Kyle . . . [and] Frank Magel. [¶ 325 (K)].
> \* \* \*
> Plaintiffs rights were violated out of retaliation and for personal motives by Shane Spratt/Kyle, and associate Defendant Frank Magel. [¶ 341].

8

As shown, Defendant Magel is additionally named in paragraphs 325(K) and 341. Defendant Magel is also named in several paragraphs in the Plaintiffs' claim against Defendant SCDTF contained in Count XXIII. (*See* Amended Complaint, doc. # 89, pp. 99 - 104). While Plaintiffs also did not include these allegations against Defendant Magel in the paragraphs involving or preceding the Counts in which he is named as a defendant, the relevant references to Defendant Magel contained in Count XXIII include (all grammatical mistakes in original):

> Defendant Frank Magel knowingly abused his power as an officer of the law by conspiring to instigate a narcotic investigation against Plaintiffs Sharon Pitts and Lisa King, out of retaliation for Plaintiffs exercising their rights to freedom of speech, violating Plaintiffs First Amendment, and for Defendant Frank Magels own personal reasons. [¶ 350 (C)].
>
> * * *
>
> Defendant Frank Magel knowingly conspired to deprive Plaintiffs of their First, Fourth, and Fourteenth Amendments, protected by the Constitution or the U.S. Laws, by conspiring against Plaintiffs rights in an attempt to deny Plaintiffs their rights to freedom, by manufacturing false information to instigate a narcotic investigation against Plaintiffs Sharon Pitts and Lisa King, out of retaliation for exercising Plaintiffs Constitutional right to Freedom of Speech, by speaking out against police misconduct. [¶ 350 (F)].
>
> * * *
>
> Defendant Frank Magel, along with fellow Defendants Shane Spratt/Kyle . . . and others, conspired to deny Plaintiffs Sharon Pitts and Lisa King, and other family members, their constitutional rights to not be deprived of Life, Liberty, and Property, without due process. Manufacturing a false case against Plaintiff Sharon Pitts and Lisa King, out of retaliation for Plaintiffs speaking out and filing complaints against Defendant Frank Magel, and his associates as well as other Defendants. [¶ 350 (G)].

The Court will consider each Count, in turn.

**A.      Retaliation Claims against Defendants Spratt and Magel**

Counts I and II are claims brought by Plaintiff Sharon Pitts and Plaintiff King, respectively, under 42 U.S.C. § 1983, based on alleged violations of their First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. Defendants Spratt and Magel argue that these Counts

9

should be dismissed because Plaintiffs fail to establish any connection between Defendants' conduct and violation of Plaintiffs' rights.

The Eighth Circuit has established that in order "to state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). Plaintiffs specifically allege that Defendants Spratt and Magel were acting under color of state law in both Counts I and II. In addition, and taking the alleged facts as true, the Court finds that Plaintiffs have sufficiently alleged facts to support their claims that Defendants Spratt and Magel engaged in conduct that deprived Plaintiff Sharon Pitts and Plaintiff Lisa King of a constitutionally protected federal right, in retaliation for Plaintiff Sharon Pitts and Plaintiff Lisa King exercising their rights to free speech. Consequently, the Court finds that Plaintiffs' claims contained in Counts I and II against Defendants Spratt and Magel will not be dismissed.

**B.     Conspiracy Claims against Defendants Spratt and Magel**

Two of the Counts alleged against both Defendant Spratt and Defendant Magel (Counts XI and XII) are based on 42 U.S.C. § 1985, which creates a cause of action for conspiring to interfere with a person's civil rights. Another two of the Counts alleged against both Defendants Spratt and Magel (Counts XV and XVI) are based on 42 U.S.C. § 1986, which creates a cause of action for neglect to prevent a conspiracy to interfere with a person's civil rights. Defendants Spratt and Magel argue that Plaintiffs have failed to plead sufficient facts to support a claim of conspiracy under § 1985 or § 1986.

In order to state a claim for conspiracy under 42 U.S.C. § 1985, Plaintiffs must allege:

"(1) the defendants conspired, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital privilege of a citizen."

*Rollen v. Coates*, 2009 WL 2391970, at *2-3 (E.D. Mo. Aug. 3, 2009) (quoting *Criswell v. City of O'Fallon, Mo.*, 2007 WL 1760744, at *5 (E.D. Mo. June 15, 2007)). "A conspiracy claim . . . requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (quoting *Kearse v. Moffett*, 311 F.3d 891, 892 (8th Cir. 2002) (per curiam)). "It is well settled that conclusory allegations of a conspiracy are insufficient to state a claim under § 1985(3). There must be some showing of facts to support a conspiracy claim." *Dubray v. Rosebud Housing Auth.*, 565 F. Supp. 462, 466 (D.C. S.D. 1983) (internal citation omitted); *see also Rollen*, 2009 WL 2391970, at *3 (citing *Dubray*).

This Court must now examine whether "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (internal citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement "plausibly suggesting . . . that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007). In ruling on the Motion, "the Court must view the allegations in the Complaint in the light most favorable to Plaintiff[s]." *Rollen ex rel. Bell v. Swoboda*, 2008 WL 5283930, at *2 (E.D. Mo. Dec. 18, 2008).

In regards to the first and second elements, that the defendants conspired and did so for the purpose of depriving any person or class of persons of equal protection of the laws, or of

11

equal privileges and immunities under the laws, Plaintiffs Sharon Pitts and Lisa King allege that Defendants conspired against them and "planned to manufacture false charges, false statements, and false criminal charges against [them], and other family members . . . ." [¶¶ 223, 228]. *See also* Amended Complaint, doc. #89, ¶¶ 325 (C), (K); ¶¶ 350 (C), (F).[1] Defendant Kevin Copling is alleged to have "stated over and over how Defendants Frank Magel, Tim Bailey, himself, and others were planning on squashing Plaintiffs Sharon Pitts, Lisa King, and Marilyn Copling, and their families, by completely destroying them and all it took was a few officers/people, making false statements" [¶ 223]. These plans allegedly "result[ed] in not one but several state investigations being conducted against Plaintiffs Sharon Pitts, Lisa King, and other family members" [¶ 228]. Plaintiffs allege that they found out the Defendants' plan "because of Defendant Kevin Copling bragging on what they were planning on doing" [¶ 228]. Plaintiffs also assert that Plaintiff Marilyn Coplings' was told by her husband that "he was helping the police set up Plaintiffs Lisa King and Sharon Pitts," and "that the police, including Defendant Frank Magel hated Plaintiff Sharon Pitts guts" [¶ 112]. Plaintiffs also state that "Defendant Shane Spratt has stated to others that he had it in for Plaintiff Sharon Pitts" [¶ 276]. Construing the Complaint in the light most favorable to the Plaintiffs, and taking the allegations as true, the Court finds that Plaintiffs have sufficiently plead the first two elements. Plaintiffs have sufficiently alleged facts tending to show a "meeting of the minds" as required to survive a

---

[1] In this Court's Memorandum and Order on January 7, 2011, the Court dismissed the conspiracy claims against Defendants Coleman and Martin. In that situation, the claims were based solely on conclusory allegations similar to those contained in these paragraphs and were offered without any factual assertions in support. However, the presence of additional facts alleged against Defendants Spratt and Magel requires more analysis to determine whether Plaintiff's allegations are sufficient to survive a motion to dismiss.

motion to dismiss.

Plaintiffs support their allegations by including information involving the existence and "repeated opening" of "a narcotics investigation being conducted by the Drug Task Force agencies and Defendants Shane Spratt, and Frank Magel" [¶¶ 175, 223], and the allegation that Plaintiffs were told by Defendant Tim Bailey that "Plaintiff Sharon Pitts and Lisa Kings phones were tapped at the brick building in Cuba, MO by Defendant Frank Magel and the DEA in Fort Worth Texas" [¶ 230]. Considering that Plaintiffs are acting *pro se*, and this Court must construe their Complaint liberally, it is appropriate to grant some leniency at this early stage. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations and quotations omitted)). The Court, therefore finds that Plaintiffs have sufficiently alleged acts in furtherance of a conspiracy by Defendant Spratt and Defendant Magel, as required by the third element.

In addition to the first three elements, Plaintiffs also must establish that they were injured in their person or property by Defendants Spratt and Magel, or deprived of having and exercising any vital privilege of a citizen, as a result of any alleged conspiracy. *Rollen*, 2009 WL 2391970, at *2-3 (E.D. Mo. Aug. 3, 2009). At this stage of the case, the Court cannot say that Plaintiffs have failed to plead insufficient facts to support the first three elements outlined above. As a result, the Court need not consider the fourth element. Therefore, considering the early stage of this case, and based on the pleadings and evidence, the Court finds that Plaintiffs' allegations are "enough to raise a right to relief above the speculative level." *Swoboda*, 2008 WL 5283930, at *2 (E.D. Mo. Dec. 18, 2008). Accordingly, the Court finds that the two conspiracy claims

alleged against Defendant Spratt and Defendant Magel (Counts XI and XII) should not be dismissed.

The Court also must consider Plaintiffs' 42 U.S.C. § 1986 claims against Defendant Spratt and Defendant Magel for neglect to prevent the conspiracy that are contained in Counts XV and XVI. Section 1986 states:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C.A. § 1986. "A cause of action under § 1986 is dependent on a valid claim under § 1985." *Kaylor v. Fields*, 661 F.2d 1177 (8th Cir. 1981); *see also Hayward v. Health Dep't & Dep't of Law, City of Independence, Mo.*, 98 F.App'x 566, at *1 (8th Cir. 2004) (per curiam) (citing *Kaylor*). Because Plaintiffs have stated a valid conspiracy claim against Defendant Spratt and Defendant Magel under § 1985, Plaintiffs' § 1986 claims against these two Defendants will not be dismissed. The Court therefore finds that it is inappropriate to dismiss Plaintiffs' Counts XI, XII, XV, and XVI, as to Defendant Spratt and Defendant Magel.

**C.**  **Abuse of Process Claims against Defendants Spratt and Magel**

Having considered the claims concerning retaliation and conspiracy (Counts I, II, XI, XII,

XV, and XVI), as to Defendant Spratt and Defendant Magel, there are now two Counts remaining against Defendants Spratt and Magel that the Court must consider. Counts XIX and XX are asserted by Plaintiff Sharon Pitts and Plaintiff Lisa King, respectively, against both Defendants Spratt and Magel. Defendants argue that these remaining Counts, involving abuse of process, should be dismissed because abuse of process claims cannot be brought under 42 U.S.C. § 1985, and because Plaintiffs fail to set forth any facts to support a state law claim of abuse of process.

Defendants Spratt and Magel are correct that abuse of process is a state law claim. As already discussed, 42 U.S.C. § 1985 involves conspiracy to interfere with a person's civil rights. Assuming that Plaintiffs intended their abuse of process claims to be brought under state law, "[t]he law in Missouri is well settled. To sustain an action for abuse of process the facts must demonstrate an illegal and improper use of such process that is not warranted or authorized, an ulterior motive in exercising such process, and damages." *Wells v. Orthwein*, 670 S.W.2d 529, 532 (Mo. App. E.D. 1984) (citing *Wessler v. Wessler,* 610 S.W.2d 650, 651[2] (Mo.App.1980)). "The phrase 'use of process' as employed in that context refers to some willful, definite act not authorized by the process or aimed at an objective not legitimate in the proper employment of such process." *Boyer v. Carondelet Savings & Loan Ass'n,* supra, 633 S.W.2d 98, 101[6] (Mo. App. E.D. 1982). "The test employed is whether the process has been used to accomplish some unlawful end or to compel the opposite party to do some collateral thing which he could not be compelled to do legally." *Wells*, 670 S.W.2d at 532 (citing *National Motor Club of Missouri, Inc., v. Noe, et al.,* 475 S.W.2d 16, 23-25 (Mo.1972). "Things and situations which occur and arise prior to filing of formal action and issuance of process clearly may well evidence ulterior

15

motive as to why process has been and abused." *Owen v. Owen*, 642 S.W.2d 410, 414 (Mo. App. S.D. 1982).

Defendants Spratt and Magel argue that "[t]here are no facts set forth which indicate . . . [Defendants] made an illegal or improper or perverted use of the process." The Court disagrees and finds that Plaintiffs have alleged sufficient facts to support their abuse of process claims. The "abuse of process" alleged in this case involved a narcotics investigation involving Plaintiffs, which also allegedly involved tapping the Plaintiffs' phones. Consistent with its finding regarding Plaintiffs' conspiracy claims, where the Court found that Plaintiffs' allegations regarding the investigations supported a finding that the investigations could be considered acts in furtherance of a conspiracy, the same allegations support a finding by this Court that Defendants Spratt and Magel made an illegal or improper or perverted use of process, that such use was neither warranted nor authorized by process, or that Defendants Spratt and Magel had an improper purpose and exercise in the use of process. *Boyer*, 633 S.W.2d at 101[6]. The Court, therefore, finds that it is not appropriate to dismiss Plaintiffs' Counts XIX and XX, as to Defendant Spratt and Defendant Magel.

**IV.    DEFENDANT SCDTF'S MOTION TO DISMISS**

In its Motion to Dismiss, SCDTF argues that "Plaintiffs' theory against [SCDTF] is based on a theory of respondeat superior which cannot be brought under 42 U.S.C. § 1983 since it is not an entity capable of being sued. The Court agrees that SCDTF is not an entity capable of being sued and should therefore be dismissed from this case. As this Court discussed in its Memorandum and Order on January 7, 2011 in dismissing Defendant Crawford County Sheriff's Department, Defendant Owensville Police Department, and Defendant Steelville Police

Department, and again discussed in its June 16th, 2011 Memorandum and Order dismissing Defendant Lake Area Narcotics Group, SCDTF is also "not [a] juridical entit[y] suable as such," rather, it is merely a subdivision of a larger governmental body. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)); *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (granting motion to dismiss filed by Jefferson County Sheriff's Department, upon finding that it is not a legal entity subject to suit under 42 U.S.C. § 1983); *see also Chambers v. St. Louis County*, 2006 WL 1026664, at *2 (E.D. Mo. 2006) (stating that a "task force" is not a person as contemplated by § 1983). Thus, Count XXIII, the sole Count alleged against Defendant SCDTF, will be dismissed. Defendant SCDTF is terminated, as there are no longer any Counts pending against it.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Shane Spratt, Frank Magel and the South Central Drug Task Force's Motion to Dismiss [doc. #98] is **GRANTED, in part.** Count XXIII, the sole Count alleged against Defendant SCDTF, is **DISMISSED**, **with prejudice**.

Dated this 12th day of July, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE