UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHARON PITTS, et al.,            )
                                       )
        Plaintiffs,            )
                                       )
        vs.                    )       Case No. 4:10CV00274 ERW
                                       )
CITY OF CUBA, et al.,          )
                                       )
        Defendants.       )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Scott Parish's Motion for Summary Judgment [ECF No. 148] and Defendants Frank Magel and Shane Spratt's Motion for Summary Judgment [ECF No. 155].

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On February 16, 2010, Plaintiffs Sharon Pitts, Lisa King, Marilyn Copling, and Daniel Pitts ("Plaintiffs") filed a pro se complaint against twenty-two individuals and eight public entities [ECF No. 1], and an amended complaint January 31, 2012 [ECF No. 89]. Plaintiffs set forth thirty-five counts of alleged constitutional and civil rights violations.

On April 25, 2012, Defendant Scott Parish filed a Motion for Summary Judgment [ECF No. 148], alleging that Plaintiffs Sharon Pitts, King, and Copling had made no claims against Parish, and that Plaintiff Daniel Pitts had released any and all claims against Parish [ECF No. 151]. Plaintiffs did not file a response to Defendant Parish's motion.

On June 12, 2012, Defendants Frank Magel and Shane Spratt filed a Motion for Summary Judgment [ECF No. 155], alleging that Plaintiffs had failed to timely respond to Defendants' Rule 36 Requests for Admission, that Plaintiffs were deemed to have admitted each statement set forth,

and that as a result there existed no genuine dispute as to any material fact, and that Defendants

were entitled to judgment as a matter of law.  Plaintiffs filed their Response in Opposition July 6,

2012 [ECF No. 160].  Defendants filed their reply July 13, 2012 [ECF No. 162].

## II.    DISCUSSION

A court shall grant a motion for summary judgment only if the moving party shows that

"there is no genuine dispute as to any material fact and that the movant is entitled to a judgment

as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Material facts are those "that might affect the outcome of the suit under the governing law," and a

genuine dispute is one "such that a reasonable jury could return a verdict for the nonmoving

party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  There is no genuine issue as

to any material fact if the nonmoving party has failed to "make a showing sufficient to establish

the existence of an element essential to that party's case . . . ."  *Celotex*, 477 U.S. at 322.

### A.    DEFENDANT PARISH'S MOTION FOR SUMMARY JUDGMENT

On April 25, 2012, Defendants Scott Parish and Nicholas Mathews filed a Joint

Stipulation to Dismissal with Prejudice, agreed to by Plaintiff Daniel Pitts, requesting an Order of

Dismissal with Prejudice as to the causes of action against the two defendants [ECF No. 151].

That Order was entered by this Court April 26, 2012 [ECF No. 152].  Defendant Parish is now

seeking summary judgment, alleging that the order disposed of all counts against him.

A review of Plaintiffs' amended complaint finds four counts directed against Defendant

Parish: Counts IV, IX, XIII, and XVIII [ECF No. 89 at *76-86]**.**  Each count alleges a violation

by Defendant Parish of "Plaintiff Daniel Pitts"'s constitutional rights.  Every factual allegation

against Defendant Parish made by Plaintiffs relates to alleged conduct by Parish against Plaintiff

Daniel Pitts.  Thus there remains no factual basis on which any plaintiff but Daniel Pitts, whose

claims have been dismissed, could maintain suit against Defendant Parish.

Because this Court concludes there remains no genuine issue of material fact as to

Defendant Parish, in that there are no facts supporting any element of the remaining Plaintiffs'

claims, this Court will grant Defendant Parish's motion for summary judgment.

## B.     DEFENDANTS MAGEL AND SPRATT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 36, Plaintiffs were served with a set of thirty requests for admission

[ECF No. 157-1].  Rule 36 states in part that:

> A party may serve on any other party a written request to admit, for purposes of
> the pending action only, the truth of any matters within the scope of Rule 26(b)(1)
> relating to: facts, the application of law to fact, or opinions about either; and the
> genuineness of any described documents. . . .  A matter is admitted unless, within
> 30 days after being served, the party to whom the request is directed serves on the
> requesting party a written answer or objection addressed to the matter and signed
> by the party or its attorney.

Fed. R. Civ. P. 36(a).  While requests for admission may properly pertain to "the application of

law to fact," pure legal conclusions, or the truth of legal conclusions, are outside the scope of

requests for admission.  *See Aventure Communications Technology, L.L.C. v. MCI*

*Communications Services, Inc.*, 2008 WL 4280371 at *1 (N.D. Ia. 2008); *OpenMethods, LLC v.*

*Mediu, LLC*, 2012 WL 2736471 at *1-2 (W.D. Mo. 2012).

This Court has no trouble concluding that requests 1-6 were improper requests for

Plaintiffs to admit legal conclusions.  As an example, request 2 demands, "Admit that Defendants

did not conspire to deprive you or the other Plaintiffs, either directly or indirectly, of equal

protection of rights or to obstruct justice." [ECF No. 157-1 at *3].  Regardless whether Plaintiffs

timely responded to these admissions, Defendants' requests for admissions 1-6 exceeded the scope of Rule 36 and form no basis for requested relief by Defendants.

Requests 7-30 present a more difficult question, as they ask Plaintiffs to admit that they possess no evidence supporting their claims. This Court notes that requests for admission are not intended to obtain discovery, "but rather are intended to establish the admission of facts about which there is no real dispute*." Stockdale v. Stockdale*, 2009 WL 5217001 at *2 (E.D. Mo. 2009). Defendants' requests are largely argumentative, repetitive, and ambiguous. For instance, Request 9 asks Plaintiffs to "[a]dmit that you do not have any documents or tangible things demonstrating or indicating that your rights were violated by Defendants . . . ." while request 10 asks Plaintiffs to "[a]dmit that you *are* in possession of documents or tangible things demonstrating or indicating that your rights were violated by Defendants . . . ." [ECF No. 157-1 at *4 (italics added)]. These overly broad, general, and repetitive questions fail to adhere to the scope and purpose of Rule 36, in that they are not intended to narrow issues for trial, but rather appear intended to dispose of Plaintiffs' claims. Requesting that Plaintiffs admit they possess no evidence supporting a claim is hardly more appropriate than requesting they admit they have no claim. This Court concludes that Defendants' requests fail to comply with the letter and spirit of Rule 36, in that they are not crafted in a manner to resolve facts as to which there is no real dispute. The purpose of Rule 36 is to "promote efficiency, reduce costs, and narrow the issues for trial." *Stockdale*, 2009 WL 5217007 at *2. However, "the[se] requests appear to have the opposite effect, multiplying the proceedings and unnecessarily burdening [the opposing party] and the Court . . . ." *Id.* Thus any constructive admission by Plaintiffs to Defendants' requests for admissions 7-30 form no basis for requested relief by Defendants.

Even if this Court were to conclude that Defendants' requests were appropriate under Rule 36, this Court would nonetheless conclude that Plaintiffs, in submitting their answers out of time, effectively withdrew any deemed admission.  Plaintiffs' response was submitted some forty days after expiration of the thirty-day window [ECF No. 157-2]; thus pursuant to Rule 26(a)(3) the matters would have been deemed admitted.  However, in this circuit late responses are treated as the functional equivalent of a motion to withdraw admissions under Rule 36(b).  *Warren v. Int'l. Bhd. of Teamsters, Chauffers, Warehousemen and Helpers of America*, 544 F.2d 334, 339-40 (8th Cir. 1974); *Quasius v. Schwan Food Co.*, 596 F.3d 947, 952 (8th Cir. 2010) ("These decisions are best understood as exercising authority to permit withdrawal or amendment of admissions under Rule 36(b), because the party who admitted matters later filed with the court a pleading that was sufficient to constitute a 'motion' under a liberal reading of the rule."); *see also Bergemann v. United States*, 820 F.2d 1117, 11211 (10th Cir. 1987) (treating a motion in response to summary judgment motion, along with late responses to requests for admission, as "in essence, motions to withdraw the admissions.").  In light of Plaintiffs' pro se status, this Court is comfortable employing a liberal standard.  Plaintiffs' motion in response to summary judgment, along with their late responses to Defendants' requests for admission, are treated as motions to withdraw their admissions.  The question thus is whether allowing the constructive motion to withdraw would satisfy the two-prong test for acceptance of a late admission: that acceptance would "promote the presentation of the merits" and would not "prejudice the requesting party." Fed. R. Civ. P. 36(b); *see also Fed. Deposit Ins. Corp. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994).

The first test is easily satisfied.  Defendants' requests for admission seek less to establish factual predicates for trial and more to dismantle Plaintiffs' claims.  Each request seeks to have

Plaintiffs admit either that no constitutional violations occurred or to admit that Plaintiffs have no evidence supporting their allegations.  If the admissions would prevent Plaintiffs from having their claims considered, allowing withdrawal promotes the presentation on the merits.  *See Prusia*, 18 F.3d at 640 (8th Cir. 1994); *Bryant v. Laiko Int'l Co.*, 2006 WL 2788520 at *2 (E.D. Mo. 2006).

 As to the second test, accepting Plaintiffs' response opposing summary judgment as a withdrawal of admissions will not prejudice Defendants.  A defendant is prejudiced to the extent they are harmed in presenting their case.  *Laiko Int'l*, 2006 WL 2788520 at *3.  In evaluating harm to Defendants, this Court finds it appropriate to ask whether Defendants could reasonably have believed that Plaintiffs intended to admit facts which were so vital that they amounted to a complete waiver of Defendants' liability.  *See, e.g.*, *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 192 (D. Conn. 1976).  This Court concludes that Defendants would not have been reasonable in believing that Plaintiffs' tardy response constituted a waiver of Defendants' liability.  Defendants knew or should have known that the nature of their requests for admission would not result in information which would aid in discovery or trial preparation, as Plaintiffs would not have intended to admit facts so vital that they would have waived Defendants' liability.  Because Defendants could not reasonably have relied upon Plaintiffs' late Responses as admissions, they cannot reasonably claim prejudice in allowing withdrawal of those admissions.

 Because this Court concludes that accepting Plaintiffs' response as a withdrawal of admission will promote the resolution of Plaintiffs' suit on the merits, and because Defendants are not prejudiced by Plaintiffs' late submission of their response to admission, this Court concludes that Defendants' request for summary judgment based on Plaintiffs' untimely response should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Scott Parish's Motion for Summary

Judgment [ECF No. 148] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants Frank Magel and Shane Spratt's Motion

for Summary Judgment [ECF No. 155] is **DENIED**.

Dated this <u>30th</u> Day of August, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE