UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHARON PITTS, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:10CV00274 ERW |
| ) | |
| CITY OF CUBA, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Frank Magel and Shane Spratt's Motion for Summary Judgment [ECF No. 174].

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On February 16, 2010, Plaintiffs Sharon Pitts ("Plaintiff Pitts"), Lisa King ("Plaintiff King"), Marilyn Copling ("Plaintiff Copling"), and Daniel Pitts, (collectively, "Plaintiffs"), acting *pro se*, filed a complaint against twenty-two individuals and eight public entities [ECF No. 1]. Plaintiffs filed an Amended Complaint on January 31, 2011 [ECF No. 89].[1] Plaintiffs set forth twenty-four counts of alleged constitutional and civil rights violations. In their Amended Complaint, Plaintiffs set forth eight claims (pertaining to Counts I, II, XI, XII, XV, XVI, XIX, and XX) against Defendants Frank Magel ("Defendant Magel") and Shane Spratt 5("Defendant Spratt") (collectively, "Defendants"), for violations of their rights under 42 U.S.C. §§ 1983, 1985, and 1986; First, Fourth, Fifth, Eighth, and Fourteenth Amendments. On September 24, 2012, Defendants Magel and Spratt filed a Motion for Summary Judgment [ECF No. 174],

---

[1]Daniel Pitts is no longer a party to this action. He was terminated from the lawsuit on August 30, 2012.

alleging that there existed no genuine dispute as to any material fact, and that Defendants were entitled to judgment as a matter of law. Plaintiffs filed their Response in Opposition to Defendant Frank Magel and Shane Spratt's Motion for Summary Judgment ("Response in Opposition") on October 18, 2012 [ECF No. 193]. Defendants filed their Reply on October 25, 2012 [ECF No. 195].

To begin, the Court notes that, in a motion for summary judgment, the Local Rules require the nonmoving party to "include a statement of material facts as to which the party contends a genuine issue exists," and to provide specific references to the record for those matters contested by the nonmoving party. Local Rule 7–4.01(E). The Local Rules also require the opposing party to "note for all disputed facts the paragraph number from movant's listing of facts." *Id.* Any matters that are not specifically controverted by the nonmoving party are deemed admitted for the purpose of summary judgment. *Id.* Local rules such as this are implemented in order to prevent district courts from having to "scour the record looking for factual disputes." *Nw. Bank & Trust Co. v. First Ill. Nat'l Bank,* 354 F.3d 721, 725 (8th Cir. 2003). Here, although the Plaintiffs provided a Statement of Uncontroverted Facts [ECF No. 193-2], they did not reference the paragraph number from Defendants' listing [ECF No. 175] or specifically controvert the matters enumerated.

## II. LEGAL STANDARD

A court shall grant a motion for summary judgment only if the moving party shows that "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine dispute is one "such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  There is no genuine issue as to any material fact if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case...." *Celotex,* 477 U.S. at 322.  If the moving party carries its burden, the nonmoving party must point to specific facts in the record that create a genuine issue for trial.  *Anderson,* 477 U.S. at 256.  The non-moving party must "substantiate his allegations with sufficient probative evidence that would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy." *Wilson v. Int'l. Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir. 1995).  In passing on a motion for summary judgment, the court should review all facts supported by the record, and any logical inferences arising therefrom, in the light most favorable to the nonmoving party.  *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983); *See also* Fed. R. Civ. P. 56(e).  In that way, summary judgment should not be granted "unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." *Hindman v. Transkrit Corp.,* 145 F.3d. 986, 990 (8th Cir. 1998); *see also Mayer v. Nextel West Corp.,* 318 F.3d. 803, 806 (8th Cir. 2003) (citing *Keathley v. Ameritech Corp.,* 187 F.3d. 915, 919 (8th Cir. 1999)).

Although summary judgment motions may be viewed as tools of "great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact," *Mt. Pleasant v. Assoc. Elec. Coop. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988), courts have repeatedly recognized the severity of summary judgment as a remedy, to be granted only in cases where the movant establishes his right to judgment with such clarity so as not to give rise to controversy.  *New England Mut. Life Ins. Co. v. Null,* 554 F.2d 896, 901 (8th Cir. 1977); *Robert Johnson Grain Co. v. Chem. Interchange Co.,* 541 F.2d 207, 209 (8th Cir. 1976).

## III. DISCUSSION

Eight of the counts alleged in the Amended Complaint are asserted against both Defendants Magel and Spratt:

1. Count I: Retaliation for exercising free speech rights (42 U.S.C. § 1983 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Pitts;

2. Count II: Retaliation for exercising free speech rights (42 U.S.C. § 1983 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff King;

3. Count XI: Conspiracy to interfere with civil rights (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Pitts;

4. Count XII: Conspiracy to interfere with civil rights (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff King;

5. Count XV: Neglect to prevent conspiracy (42 U.S.C. § 1986 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Pitts;

6. Count XVI: Neglect to prevent conspiracy (42 U.S.C. § 1986 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff King;

7. Count XIX: Abuse of process (42 U.S.C. § 1985 and 1st, 4th, 5th, 8th, 14th Amendments), asserted by Plaintiff Pitts; and

8. Count XX: Abuse of process (42 U.S.C. § 1986 and 1st, 4th, [5th], 8th, 14th Amendments), asserted by Plaintiff King.

The above counts alone do not offer factual support of the allegations, but, instead, incorporate by reference all the preceding paragraphs in the Amended Complaint. This lengthy and often convoluted recitation can be narrowed down to several paragraphs relevant to

Defendants Magel and Spratt [ECF No. 89, ¶¶ 112, 175, 223 - 232, 276, 277, 280, 289, 292, 301, 304, 325, 326, 330, 333, 336, 338, 341, 350].  In these paragraphs, Plaintiffs aver that multiple Defendants, including Magel and Spratt, conspired to manufacture false allegations against Plaintiffs Pitts and King in an attempt to punish Pitts for exercising her First Amendment right to freedom of speech.  Plaintiffs assert that these Defendants made false statements about Plaintiff Pitts, and manufactured a false criminal case against her, which resulted in several state investigations.  Plaintiffs also include details of several instances in which Defendant Magel or Defendant Spratt allegedly demonstrated, via statements and actions, a strong dislike or prejudice against Plaintiff Pitts and her family members.  Plaintiffs allege that this behavior is in retaliation for complaints they made against various Defendants.

The focus of Plaintiffs' allegations against Magel and Spratt is a 2006 Confidential Narcotics Report (the "Narcotics Report") that names both Defendants as officers who conducted an investigation regarding Plaintiff Pitts' alleged selling of names and licences of narcotics officers [ECF Nos. 176-4, 193-3].  Plaintiff s maintain that this investigation has been repeatedly opened in an attempt to punish Plaintiff Pitts and family members for exercising her right to freedom of speech [ECF No. 89, ¶ 223].  Plaintiffs also assert that Plaintiff Marilyn Copling's husband (Pitts and King's father, Leroy Copling) stated that "he was helping the police set up Plaintiffs Lisa King and Sharon Pitts," and "that the police, including Defendant Frank Magel hated Plaintiff Sharon Pitts guts."  *Id.* at ¶ 112.  Plaintiffs further assert that Defendant Kevin Copling has stated over and over that he and Defendants Magel, Spratt, and Tim Bailey were planning on squashing Plaintiffs and their families by making false allegations against them.  *Id.* at ¶ 223.  Plaintiffs also state that Defendant Spratt acted inappropriately with Jamie King, an informant that Plaintiff Pitts claims she placed with the drug task force to bring down some of

5

the bigger drug dealers. *Id.* at ¶ 225. Plaintiff Pitts alleges that when she complained about him, another agent threatened her and told her to keep her mouth shut. *Id.*[2] Plaintiffs assert various facts surrounding Pitts' possession of a list of drug task force agents. Plaintiffs disagree with Defendant Tim Bailey's alleged statements that Pitts stole the list from his desk. *Id.* at ¶ 232. Plaintiff Pitts explains that she purchased this list attached to the back of an ordinance the Cuba City Council was to vote on, and that Defendant Spratt told others that he had it in for Plaintiff Pitts due to having to change his contact information because of Pitts' possession of this list. *Id.* at ¶ 231, ¶ 276. Finally, Plaintiffs offer that they were told by Defendant Tim Bailey that Defendant Magel wiretapped Plaintiff Pitts and King's phones. *Id.* at ¶ 230.

    A.    **Conspiracy Claims Against Defendants Magel and Spratt**

Counts XI and XII are claims brought by Plaintiff Pitts and Plaintiff King, respectively, against both Defendant Spratt and Defendant Magel, under 42 U.S.C. § 1985, which creates a cause of action for conspiring to interfere with a person's civil rights. Two related claims, Counts XV and XVI, also brought by Plaintiff Pitts and Plaintiff King, respectively, against both Defendants Spratt and Magel, are based on 42 U.S.C. § 1986, which creates a cause of action for neglect to prevent a conspiracy to interfere with a person's civil rights.

In order to state a claim for conspiracy under 42 U.S.C. § 1985, Plaintiffs must allege:

"(1) the defendants conspired, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital privilege of a citizen."

---

[2]Jamie King is Plaintiff King's daughter and Plaintiff Pitts' niece.

6

*Rollen v. Coates,* 2009 WL 2391970, at *2–3 (E.D. Mo. Aug. 3, 2009) (quoting *Criswell v. City of O'Fallon,* Mo., 2007 WL 1760744, at *5 (E.D. Mo. June 15, 2007)). "A conspiracy claim ... requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene,* 595 F.3d 868, 870 (8th Cir. 2010) (quoting *Kearse v. Moffett,* 311 F.3d 891, 892 (8th Cir. 2002) (per curiam)).

If a conspiracy claim under § 1985 is established, the Court may then consider Plaintiffs' 42 U.S.C. § 1986 claims contained in Counts XV and XVI, against Defendant Spratt and Defendant Magel for neglect to prevent the conspiracy. Section 1986 states:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986. "A cause of action under § 1986 is dependent on a valid claim under § 1985." *Kaylor v. Fields*, 661 F.2d 1177 (8th Cir. 1981); *see also Hayward v. Health Dep't & Dep't of Law, City of Independence, Mo.*, 98 F.App'x 566, at *1 (8th Cir. 2004) (per curiam) (citing *Kaylor* ).

Defendants Magel and Spratt argue that Plaintiffs rely on evidence of allegedly false investigations found in the Narcotics Report, which is insufficient to establish a "meeting of the minds" and a conspiracy claim under § 1985. As a result, in their Memorandum in Support of Summary Judgment [ECF No. 176], Defendants state that, as Plaintiffs cannot establish a valid

7

claim under § 1985, it follows that Plaintiffs' claims for neglect to prevent a conspiracy also fail under § 1986. In their Statement of Uncontroverted Facts [ECF No. 175, ¶ 13], Defendants put forth the following: "Plaintiffs have presented no evidence tending to show a meeting of the minds among Defendants, with each or with others, to establish that Defendants conspired." Then, Defendants cite Plaintiffs' responses to Defendants' Request for Admissions as support. This Court has previously noted that Defendants' requests for admissions are overly broad, general, and repetitive [ECF No. 165]. When asked to admit they are in possession of documents or tangible things demonstrating that Defendants planned to manufacture false charges, false statements, and false criminal charges, Plaintiffs disputed this broad statement by writing the word, "investigation" [ECF No. 176-3, p. 5, ¶¶ 17-18, p. 14, ¶¶ 17-18]. Plaintiffs' responses certainly cannot be used as support to show the absence of a genuine issue of fact as to a conspiracy, since they allege possession of evidence, as opposed to denying it. Furthermore, Defendants do not address Plaintiffs allegations that their brother and father made statements that they were involved in plans with multiple Defendants, including Magel and Spratt, to retaliate against Plaintiffs.

Similarly, Defendants address the claims under § 1986, by including the following in their Statement of Uncontroverted Facts [ECF No. 175, ¶ 14]: "Plaintiffs have no evidence that Defendants knew of the existence of a conspiracy against Plaintiffs, had the power to prevent or aid in the preventing the commission of a conspiracy against Plaintiffs, nor that Defendants neglected or refused to prevent the conspiracy." Defendants then refer to deposition testimony involving Plaintiffs' ambiguous responses to questions regarding whether Defendants could have prevented a conspiracy. Plaintiff King, when asked whether Defendant Spratt had the power to prevent the other Defendants from doing what they were doing, responded that she didn't know if

8

they could stop anybody from doing what they want to do. [ECF No. 176-6, p. 90, l. 3-7]. Plaintiff King's response was that they "should have stepped in and done something" [ECF No.176-5, p. 251, l. 16-21]. This deposition testimony does not provide a basis for the absence of a genuine issue of material fact surrounding the existence of a conspiracy or a "meeting of the minds" among Defendants. Therefore, as Defendants have not met their burden under § 1985 or § 1986, summary judgment will be denied as to Counts XI, XII, XV, and XVI.

      **B.**     **Retaliation Claims Against Defendants Magel and Spratt**

Counts I and II are claims brought by Plaintiff Pitts and Plaintiff King, respectively, under 42 U.S.C. § 1983, based on alleged violations of their First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. The Eighth Circuit has established that in order "to state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa,* 557 F.3d 564, 571 (8th Cir. 2009)). Plaintiffs specifically allege that Defendants Spratt and Magel were acting under color of state law in both Counts I and II [ECF No. 89, ¶31]. Defendants Magel and Spratt do not dispute this, but center their Motion on Plaintiffs failure to produce sufficient evidence to allow a jury to find Defendants liable for the violation of Plaintiffs rights under 42 U.S.C. § 1983. Specifically, Defendants' Motion focuses on Plaintiffs' claims of retaliation in violation of the First Amendment right to freedom of speech.[3]

In their Memorandum in Support of their Motion for Summary Judgment, Defendants

---

[3]Under Counts I and II, in their Amended Complaint, Plaintiffs also allege violations of their Fourth, Fifth, Eighth, and Fourteenth Amendments under 42 U.S.C § 1983. Defendants do not address these allegations in the instant Motion.

9

Magel and Spratt argue that Plaintiffs allegations of false charges, false investigations, and wiretapping are unsupported by evidence that the Defendants conduct was wrongful and violated Plaintiffs' rights. Defendants attempt to show that the Narcotics Report and related investigations do not constitute a deprivation of Plaintiffs' First Amendment rights, and that Plaintiffs do not provide other sufficient evidence to support their claims.

In response to Defendants' contentions that there is not sufficient evidentiary support, Plaintiffs simply recite the elements of a § 1983 claim, and conclude that they have been met. Plaintiffs state that they have created a genuine issue of material fact and then cite to every exhibit attached to their Memorandum of Law in Support of Plaintiffs' Response in Opposition [ECF No. 193]. Furthermore, Plaintiffs did not specifically controvert Defendants' statements of uncontroverted facts, citing Defendants' numbered paragraphs as required by Local Rule 7–4.01(E). Therefore, those facts not controverted, will be deemed admitted for purposes of summary judgment. Additionally, Plaintiffs are required to "point to specific facts in the record that create a genuine issue for trial" *Anderson,* 477 U.S. at 256. However, this Court will consider Plaintiffs' *pro se* status in construing their Amended Complaint, Response in Opposition, Exhibits, and Statement of Uncontroverted Facts to determine if there are adequate facts alleged to provide a genuine issue of material fact, taking into consideration those facts that have been *deemed admitted*. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed").

In Defendants' Statement of Uncontroverted Facts, Defendants assert that "Plaintiffs have no knowledge as to whether there was a valid basis for the investigation described in the Narcotics Report; and therefore, no evidence that the investigation was 'false,' unwarranted, unauthorized, improper, or the result of false statements by Defendants" [ECF No. 175, ¶ 9]. In

10

support of this contention, Defendants reference deposition testimony in which Plaintiff Pitts acknowledges that she doesn't know whether Magel and Spratt knew if the accusations against her were false [ECF No. 176-6, Exhibit G, p. 504, l. 22-25, p. 505, l. 1-18]. Defendants also cite to Pitts' testimony, in which she acknowledges that it is possible that Defendants Tim Bailey and Robert Rickerd reported her to Magel and Spratt for selling the names of undercover agents, requiring them to conduct an investigation due to these statements [ECF No. 176-6, Exhibit G, p. 523, l. 15-21].

Defendants further maintain in their Statement of Uncontroverted Facts, that Plaintiffs have produced no admissible evidence in support of their claim that Defendant Magel wiretapped their phones [ECF No. 175, ¶ 12]. In support of this, Defendants cite to the Plaintiffs response to their Request for Admissions [ECF No. 176-3]. When asked if they had any documents or tangible things demonstrating that Defendant Magel wiretapped Plaintiff Pitts and King's phones, King replied that "Bailey told us," and both Defendants noted the existence of a recording. *Id.* at p. 5, ¶¶ 19-20, p.14, ¶¶ 19-20.

First of all, the Court will consider Counts I and II against Defendant Magel. As noted above, the Defendants stated that "Plaintiffs have no knowledge as to whether there was a valid basis for the investigation described in the Narcotics Report," and supported this statement with deposition testimony. This statement was uncontroverted by Plaintiffs, so, it is deemed admitted. However, even if Plaintiffs do concede that they have no actual knowledge as to whether there was an initial report or complaint filed, providing a valid basis for the investigation, it does not defeat the genuine issues of fact surrounding the allegations of a conspiracy and discriminatory animus that could give rise to an inference of retaliation. These issues were not adequately raised

by the Defendants in their Statement of Uncontroverted Facts.[4]  In fact, the same deposition testimony cited by Defendants Magel and Spratt in support of the above uncontroverted fact, indicated that a member of the alleged conspiracy (Defendant Tim Bailey) may have reported Pitts' possession of the list of agents to Magel and Spratt. [ECF No. 176-8, Exhibit G, p. 523, l. 15-21].

Furthermore, the Defendants also state in their Statement of Uncontroverted Facts that "Plaintiffs have produced no admissible evidence in support of their claim that Defendant Magel wiretapped their phones."  This statement is a legal conclusion and not an uncontroverted fact.  To support this statement, Defendants cite Plaintiffs' responses to Defendants' Request for Admissions [ECF No. 176-3].  However, in their responses, both Plaintiffs claim there *is* evidence -- a recording of Defendant Tim Bailey telling them Magel was wiretapping their phones.[5]  As the Defendants have not sufficiently shown an absence of material fact surrounding allegations of a retaliatory investigation by Magel, or improper wiretapping, summary judgment

---

[4]As discussed *supra*, Defendants fail to establish the lack of a genuine issue of material fact with regard to the existence of a conspiracy under § 1985.  As this analysis is likewise applicable to the existence of a conspiracy under § 1983, the Court will not reiterate it here.  As such, Defendants fail to establish the lack of a genuine issue of material fact regarding the existence of a conspiracy under § 1983, and Counts I and II.

[5]In addition, in their deposition testimony, both Plaintiffs claim that other individuals knew the content of their allegedly tapped conversations.  Plaintiff King states that Defendants Kevin Copling, Magel, and Tim Bailey, along with someone with the last name Blankenship, were repeating conversations she had on her phone [ECF No. 176-6, p. 65, l. 5-22].  Plaintiff Pitts similarly alleges that people repeated her phone conversations, including a man she had never seen before with a "little mustache" [ECF No. 176-8, p.52, l. 18 - 25,  p. 53, l. 1-20].  Pitts additionally claims that an person (who wouldn't give their name) at the DEA told her that there were two taps on the phone [ECF No.176-8, p. 54, l. 22 -25, p. 55, l. 1-8].  However, later in her testimony, Plaintiff Pitts answers that she does not personally have any documentation or evidence that Magel did the wiretapping.  *Id.* at 58, l. 19-22.  This clearly contradicts Plaintiffs' responses in Defendants' Requests for Admissions that they had a recording of Defendant Bailey's statement about Magel tapping their phones.  Defendants, however, did not address this particular testimony in the instant action.

12

will be denied as to Counts I and II with respect to Defendant Magel.

Next, the Court will turn to Counts I and II as against Defendant Spratt. As discussed above, regardless of whether Plaintiffs Pitts and King lack actual knowledge of a valid basis for the Narcotics Report, this uncontroverted fact is not sufficient to gain dismissal of this claim on a motion for summary judgment. As noted, there is a genuine issue of material fact surrounding allegations of a conspiracy and inferences of a retaliatory animus. Additionally, Plaintiff Pitts makes allegations in the Amended Complaint that Defendant Spratt stated to others that he had it in for Pitts, as he had to change his contact information due to her possession of the list of drug agents. Defendants also argue, with respect to Plaintiff King, that there was no violation of a constitutional right by Spratt under § 1983. Defendants offer, in their Memorandum in Support of their Motion for Summary Judgment, that Plaintiff King's testifies in her deposition that Defendant Spratt has done nothing she knows of to violate her rights. [ECF No. 176-6, p. 67, l. 13-15]. However, this statement was not referenced or included in the Defendants' Statement of Uncontroverted Facts, so it will not be considered for purposes of this Motion. Thus, as the Defendants have not sufficiently shown an absence of material fact under Counts I and II with regard to allegations against Defendant Spratt, summary judgment is not proper.

Therefore, summary judgement will be denied on Counts I and II with respect to both Defendants Magel and Spratt.

        **C.    Abuse of Process Claims Against Defendants Magel and Spratt**

Having considered the claims concerning retaliation and conspiracy (Counts I, II, XI, XII, XV, and XVI), as to Defendant Spratt and Defendant Magel, there are now two Counts remaining against these two Defendants that the Court must consider. Counts XIX and XX are asserted by Plaintiff Pitts and Plaintiff King, respectively, against both Defendants Magel and

Spratt.  In their Amended Complaint, Plaintiffs list Count XIX as falling under § 1985 and Count XX as under § 1986.  As already discussed, 42 U.S.C. § 1985 and § 1986 involve conspiracy to interfere with a person's civil rights.  In their Response in Opposition [ECF 193-1], Plaintiffs acknowledge that the abuse of process claims are brought under *state law*.  As such, "[t]he law in Missouri is well settled.  To sustain an action for abuse of process the facts must demonstrate an illegal and improper use of such process that is not warranted or authorized, an ulterior motive in exercising such process, and damages." *Wells v. Orthwein,* 670 S.W.2d 529, 532 (Mo. App. E.D. 1984) (internal citation omitted)).  "The phrase 'use of process' as employed in that context refers to some willful, definite act not authorized by the process or aimed at an objective not legitimate in the proper employment of such process."  *Boyer v. Carondelet Savings & Loan Ass'n*, 633 S.W.2d 98, 101 n.6 (Mo. App. E.D. 1982).  "The test employed is whether the process has been used to accomplish some unlawful end or to compel the opposite party to do some collateral thing which he could not be compelled to do legally."  *Wells,* 670 S.W.2d at 532 (citing *Nat'l Motor Club of Mo., Inc., v. Noe, et al.,* 475 S.W.2d 16, 23–25 (Mo. 1972)).

  The "abuse of process" alleged in this case revolves around a narcotics investigation involving Plaintiffs and the alleged wiretapping of their phones.  As the alleged investigation and wiretapping could be considered acts in furtherance of a conspiracy, these allegations could also support a finding that Defendants Magel and Spratt made an illegal, or improper, or perverted use of process, that such use was neither warranted nor authorized.  Defendants argue that Plaintiffs' abuse of process claims fail as a matter of law because Plaintiffs have produced no evidence that Defendants conspired, wiretapped the phones, or that the Narcotics Report involved a false investigation.  Apparently, Defendants are relying on the uncontroverted facts discussed previously, concerning the Narcotics Report, wiretapping and conspiracy (lack of evidence of

14

"meeting of the minds"), to form their basis for requesting summary judgment on the abuse of process claims. But, as related above, Defendants' uncontroverted facts do not establish an absence of a genuine issue of material fact. Likewise, those same statements also fail to provide a basis on which to seek summary judgment for the abuse of process claims. Therefore, as Defendants have failed to establish their right to judgment with clarity, negating controversy, summary judgment is denied as to Counts XIX and XX.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Frank Magel and Shane Spratt's Motion for Summary Judgment [ECF No. 174]on Counts I, II, XI, XII, XV, XVI, XIX, and XX is **DENIED**.

Dated this ___16th___ day of November, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE